Samiuel M. Gold, J.
This is an action for a declaratory judgment brought by the plaintiff insurance company which had issued to the defendant Edwin M. Jarmuth its policy of automobile liability insurance. It appears that on August 12, 1954, the defendant Jarmuth went to the Ryder Garage to take out his automobile which was stored there. He carried with him two pieces of baggage. These he placed in the passageway portion of the garage waiting room, while waiting for his automobile to be delivered. The defendant Josephine Martinoli, an employee of the garage, fell over the luggage and has instituted suit in this court against the defendant Jarmuth to recover damages for personal injuries. The policy in question covers the use of the automobile for “ pleasure and business. ” It provides coverage for injuries ‘1 caused by accident and arising out of the ownership, maintenance or use of the automobile.” It further provided that “ use of the automobile stated includes the loading and unloading thereof.” The plaintiff denies that *425 its automobile liability policy affords coverage of the defendant Jarmuth for the personal injuries sustained by defendant Martinoli by virtue of the “ loading and unloading ” provision of its policy.
Defendants urge that the word “ loading ” in the policy issued by the plaintiff should receive the broad construction placed upon the same word in Wagman v. American Fid. & Cas. Co. (304 N. Y. 490, 494) where the Court of Appeals held that “loading” encompasses “the ‘ complete operation ’ of transporting the goods between the vehicle and the place from or to which they are being delivered. ° * * The latter view impresses us as sounder, as more fully carrying out the aim of the policy — to cover the entire operation of making commercial pickups and deliveries in the business of the insured carrier.” (Italics supplied.) Assuming, without deciding, that the doctrine of the Wagman case (supra) is equally applicable to the loading of the four-door passenger sedan car owned by defendant Jarmuth, having in mind that the policy permits the car to be used for “ pleasure and business ”, the stipulated facts of this case nevertheless fail to establish that “loading” had commenced at the time of the accident. “ [T]he 6 complete operation ’ of transporting the goods between the vehicle and the place from or to which they are being delivered ” to use the language of the court in the Wagman case {supra) had not yet at the time of the accident commenced. At that time, the carton and handbag over which defendant Martinoli tripped were in the passageway portion of the garage waiting room. Jarmuth, who had placed them there, was awaiting word that his car had been brought by elevator to the street floor of the garage. At least until the operation of taking the carton and handbag from the passageway to the car had started, the “loading” of the car cannot properly be held to have commenced. Jarmuth’s act of putting the articles down on the garage floor, prior to the arrival of the car from another floor, cannot reasonably be regarded as the commencement of the “ loading” process, any more than could his entry into the garage with the articles, en route from his home be so regarded.
The court accordingly grants judgment in favor of plaintiff declaring that “loading” within the meaning of plaintiff’s policy had not yet commenced at the time of the accident and granting the other relief prayed for in the complaint.