STEPHEN PELLICANO, Plaintiff, *v.* ROYAL INDEMNITY COMPANY et al., Defendants.

Supreme Court, Erie County, June 18, 1962.

*Brownstein & Canale (John F. Canale* of counsel), for plaintiff. *Phillips, Mahoney, Lytle, Yorkey & Letchworth (Heino H. Prahl, Edward L. Robinson* and *Charles Ryan Desmond* of counsel), for Royal Indemnity Co. and another, defendants. *Frank R. Valone* for John W. Cowper Co., Inc., defendant and third-party plaintiff.

WILLIAM B. LAWLESS, JR., J. Plaintiff seeks a declaratory judgment holding that defendant Royal Globe Insurance is obligated under a certain policy of insurance to defend on behalf of the plaintiff Stephen Pellicano in an action commenced in this court by John W. Cowper Co. Inc. against this plaintiff, and to pay any judgment within the limits of the policy that may be rendered against this plaintiff in any action brought against him and that such action be held covered by the policy of insurance issued by the defendant Royal Globe Insurance Co. to the defendant Fred E. Shardon, Inc. Plaintiff also seeks expenses and counsel fees incurred in defense of the action against him.

On June 30, 1960 plaintiff was employed by John W. Cowper Co., Inc., which concern was engaged in the construction of a building in Lockport, New York. On that day, plaintiff was directing a truck owned by Fred E. Shardon, Inc., to a place on

the premises where it was to be unloaded. The truck was delivering concrete to the premises under construction. Sotirios Gogos, an employee of a second contractor working on the premises, was injured, allegedly when a wheel of the truck became engaged in some ropes connected to a scaffold on which he was working.

Gogos brought action against Shardon, Inc., and the John W. Cowper Co., Inc., plaintiff's employer, to recover for his injuries. Summons and complaint in that action were served on plaintiff's employer on or about August 1, 1960. Plaintiff herein is not a party to that action. On May 5, 1961, plaintiff's employer instituted a third-party action against him. Plaintiff retained counsel, and his counsel was advised by John W. Cowper Co., Inc. that plaintiff had no coverage under the liability policy issued to it. Thereafter, and on May 11, 1961, plaintiff's attorney sent a letter to Royal Indemnity Insurance Co. demanding coverage under the auto policy issued by that company covering Shardon, Inc. Royal admittedly had prompt notice of the accident, but the demand for coverage was refused and the instant action begun. Plaintiff in this case seeks to have Royal Indemnity assume his defense and indemnification.

It is apparent that Royal must defend and indemnify the plaintiff herein if at the time of the accident the plaintiff was engaged in the function of loading or unloading the Shardon truck. The language of the comprehensive general liability policy provides under " Exclusions " as follows:

" This policy does not apply:

\* \* \*

" (c) except with respect to operations performed by independent contractors and except with respect to liability assumed by the insured under a contract as defined herein, to the ownership, maintenance, operation, use, loading or unloading of \* \* \* (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining ".

The undisputed testimony of the plaintiff Steven Pellicano establishes that on the day in question he was employed only by John W. Cowper Co., Inc.; that he took no orders from any employees of Shardon; that his foreman had given him orders to see to it that the route through the building was to be kept clear of dangling ropes and other obstructions. Cowper had also ordered him to direct the drivers of trucks where to go when they arrived with loads for discharge on the premises. The fact is uncontroverted that the Shardon truck had not

commenced to discharge its load on the day of the accident, but that Pellicano had directed the truck to the place where it was to be unloaded. Royal Indemnity Co. contends, as a matter of law, that inasmuch as the Shardon truck had not commenced to " unload ", that there is no obligation upon it to defend and indemnify. We cannot agree with this position.

In *Wagman* v. *American Fid. & Cas. Co.* (304 N. Y. 490, 494) the Court of Appeals had occasion to interpret " loading " in a similar policy. It stated: " The interpretation of clauses such as those in Gilbert's policy, defining ' use ' of the insured automobile as including ' loading and unloading ', has occasioned doctrinal division among the authorities. The narrower construction, adopted in some states, insists upon a close connection between the vehicle and the acts for which coverage is claimed. ' Loading ' is interpreted by the courts of those jurisdictions as including only the immediate act of placing the goods upon the vehicle — excluding the preliminary acts of bringing the goods to the vehicle; and ' unloading ' is taken to embrace only the operation of removing the goods from the vehicle to a place of rest. (See, e.g., *St. Paul Mercury Ind. Co.* v. *Standard Accident Ins. Co.*, 216 Minn. 103; *Stammer* v. *Kitzmiller*, 226 Wis. 348.) *The broader construction, adopted in a majority of the jurisdictions which have passed upon the question, is that ' loading and unloading ' embrace, not only the immediate transference of the goods to or from the vehicle, but the ' complete operation ' of transporting the goods between the vehicle and the place from or to which they are being delivered.* [Citing cases.] The latter view impresses us as sounder, as more fully carrying out the aim of the policy — to cover the entire operation of making commercial pickups and deliveries in the business of the insured carrier — and, indeed, the courts in this State have already signified their approval of it. (See *Zurich Gen. Accident & Liability Ins. Co.* v. *Eagle Ind. Co.*, 279 App. Div. 574, motion for leave to appeal denied, 303 N. Y. 1016; *B & D Motor Lines* v. *Citizens Cas. Co. of N. Y.*, 181 Misc. 985, affd. 267 App. Div. 955; *Krasilovsky Bros. Trucking Corp.* v. *Maryland Cas. Co.*, 54 N. Y. S. 2d 60.) " (Emphasis supplied.)

Since loading is defined to cover the " entire operation of making commercial pickups and deliveries " we are of the opinion that a broad interpretation of the language is required as a matter of law, and that the operation of " unloading " commenced with the arrival of the truck upon the job site. (See, also, *Greaves* v. *Public Serv. Mut. Ins. Co.*, 5 N Y 2d 120 and *Sypnewski* v. *American Fid. & Cas. Co.*, Supreme Court,

Erie County, Feb. 16, 1960 and *Tri-State Concrete* v. *Nationwide Mut. Ins. Co.*, 5 A D 2d 384, motion for leave to appeal denied 6 A D 2d 731.)

We find that Royal Indemnity Co. has not been prejudiced due to any failure to notify it of the accident.

Plaintiff is entitled to a judgment directing defendant Royal Indemnity Co. to defend and indemnify him in the action brought by John W. Cowper Co., Inc. against him. Counsel fee will be awarded plaintiff after a hearing thereon.