A. Franklin Mahoney, J.
John Frank commenced an action against the plaintiff herein for personal injuries sustained in a fall. In his complaint he alleges that on May 9, 1960, while he was employed by the Boland and De Gennaro Meat Company, Inc. and was unloading meat at the docks of the plaintiff’s slaughterhouse, he was caused to fall as the result of plaintiff’s negligence in controlling and maintaining the aforesaid unloading docks.
Thereafter, this plaintiff, Carr Packing Co., Inc. (defendant in Frank’s negligence action) commenced an action for a declaratory judgment wherein it prays that it be adjudicated an ‘ ‘ insured ’ ’ within the meaning of the liability insurance policy issued by the defendant, State Farm, to Boland and De Gennaro, the employers of Frank. The general denials of State Farm are generally vitiated by the stipulations of fact and agreement entered into between the parties hereto and presented to the court for its consideration in the disposition of the case.
Paragraphs 4 through 7 of the stipulated facts establish that plaintiff exercised control over the loading dock; that said dock was being used in the unloading process; that the alleged accident occurred during the course of loading or unloading meat from the dock onto a truck owned by Boland and De Gennaro and insured by State Farm. Paragraphs 8 through 10 establish that the incident happened while Frank was acting in the scope and course of his employment and was using a truck owned by his employer and with his employers’ consent.
The question to be resolved is whether these facts constitute use of the insured truck by .the plaintiff herein so that it reasonably follows that plaintiff was engaged in the “ loading and unloading ” process. An affirmative answer would result in the requested relief because the terms of the State Farm policy provide for the carrier to pay all damages ‘ ‘ because of personal injury * * * caused by accident arising out of the ownership, maintenance or use, including loading or unloading”. Coverages A and B (1) of submitted policy.
The case of Wagman v. American Fid. & Cas. Co. (304 N. Y. 490) marks the departure of the decisional law of this State *76 from the conservative viewpoint requiring the act complained of to be so interrelated with the use of the vehicle that only such immediate steps as directly affect loading or unloading the vehicle would constitute “ use ”. This case adopted the more liberal viewpoint that “ loading and unloading embrace not only the immediate transference of the goods to or from the vehicle, but the ‘ complete operation ’ of .transporting the goods between the vehicle and the place from or to which they are being delivered ”.
The law of the Wagman case has been consistently followed as evidenced by the holding in Sfinas v. 1400 Broad St. Realty Corp. (22 A D 2d 754) wherein an insured plaintiff was injured while unloading meat from a pushcart supplied by a defendant into a vehicle owned by plaintiff. Reversing the lower court the Appellate Division held that that plaintiff’s insurer must provide a defense for the defendant on the ground that the defendant was assisting the plaintiff in the loading and unloading process. A similar holding was reached in Chenango Gas Co. v. Allstate Ins. Co. (39 Misc 2d 177, affd. 19 A D 2d 928).
It is interesting to note that in the Wagman case the one injured was an employee of the defendant and not of the insured as in this case. Certainly, if a defendant is entitled to a defense by the insurer of a .stranger he is entitled to no less when the individual injured is an employee of the insured. (Lamberti v. Anaco Equip. Corp., 16 A D 2d 121; Travelers Ins. Co. v. Saunders & Sons, 18 A D 2d 126.) That such is the law cannot be disputed. That such law is applicable to situations where “use ” of the insured vehicle by a defendant has been established and the defendant is innocent of any negligence of a nature that might sever any interrelationship between the accident and “ use ” of the vehicle, is also, in my view, beyond question. (Hudson Riv. Corp. v. Callanan Rd. Improvement Co., 5 A D 2d 49; B & D Motor Lines v. Citizens Cas. Co., 181 Misc. 985, affd. 267 App. Div. 955.)
As indicated above, “ use ” of the insured vehicle as it relates to the “ loading or unloading ” process, does not come into play until the ‘‘ loading ” or “ unloading ’ ’ has begun. (General Acc. Fire Assur. Corp. v. Jarmuth, 32 Misc 2d 424.) If the negligent act complained of precedes or follows such “ use ” of the vehicle, the insurer of the same is without liability. (Pellicano v. Royal Ind. Co., 35 Misc 2d 259; Scheer & Sons v. Travelers Ind. Co., 35 Misc 2d 262.)
The facts in this case as generalized in the pleadings and particularized in the stipulations of fact agreed to by the parties herein and, further, as augmented by the sworn testimony of *77 John Frank in the hearing before me conclusively prove that Frank was an employee of Boland & De Gennaro Meat Co., Inc. on May 9, 19G0; that he was operating a vehicle owned by Boland and insured by State Farm; that on May 9, 19G0 the vehicle was backed up to an unloading dock owned, maintained and controlled by Carr Packing Co., Inc.; that while loading meat from Carr’s dock into the vehicle he fell and was injured; that though there were meat and fat scraps on the loading platform at the time of the happening of the accident there is no qualitative evidence in the stipulations of fact or in the testimony of Frank indicating any negligence on the part of Carr that would sever or interrupt the “ use ” that commenced with the first loading of meat into the vehicle.
From these facts I conclude, as a matter of law, that the insured vehicle was being “used” by Carr Packing Co., Inc. in the “loading and unloading” process and, therefore, that Carr is an “ insured ” under the terms of the liability policy issued by State Farm Mutual to Boland & De Gennaro Meat Co., Inc. It follows, therefore, that State Farm must provide a defense and pay any judgment up to the limits of its policy awarded to John Frank in his action against the Carr Packing Co., Inc.