OPINION OF THE COURT
Charles H. Cohen, J.
In this action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, plaintiff has moved to dismiss the affirmative defense set forth in the answer on the ground that such defense "has no merit.” (CPLR 3211, subd [b].) That defense declares that "plaintiff has failed to state a cause of action upon which relief can be granted as required by section 3016 (g) of the CPLR”.
As gleaned from the papers submitted in support of, and in opposition to, this motion, the parties regard this defense as one stating that plaintiff has failed to allege that she sustained a "serious injury” as defined in subdivision 4 of section 671 of the Insurance Law. Since the parties have apparently agreed that the issue to be decided on this motion is whether plaintiff must demonstrate that she suffered a "serious injury”, and in effect have charted this course of action in order to secure a determination of this issue on this motion (cf. Martin v City of Cohoes, 37 NY2d 162, 165-166), and since the parties have apparently also agreed on the facts, the court will decide the question of law presented to it based upon the agreed facts (cf. Kent & Sons v Helena Rubenstein, Inc., 47 NY2d 561, 565).
On September 15, 1976, defendant’s employees were operating a commercial motor vehicle in order to deliver a refrigerator at a certain location in New York. This vehicle was parked about 25 feet away from the house to which the refrigerator was being delivered. These delivery men removed the refrigerator from the vehicle and were carrying it up a flight of stairs in this house when one of them lost his hold on the refrigerator, causing the refrigerator to fall down the stairs as a consequence of which plaintiff, who was standing at the bottom of the stairs in the house, sustained the injuries for which she has brought this action. Plaintiff concedes that she did not suffer a "serious injury.”
Defendant claims that the no-fault statute (Insurance Law, art 18) is applicable and any recovery by the plaintiff is barred *209 by subdivision 1 of section 673 of the Insurance Law which states, in part, that "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury”. Plaintiff contends that the no-fault statute is inapplicable and therefore plaintiff may recover even if she has not sustained a "serious injury.” Since this statute bars recovery by a "covered person”, the question presented is whether plaintiff is a "covered person” within the meaning of this statute.
Subdivision 10 of section 671 of the Insurance Law defines a "covered person” as "any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law * * * or any other person entitled to first party benefits.” Plaintiff is clearly not a pedestrian or an owner, operator, or occupant of a motor vehicle. It is therefore necessary to determine if she is entitled to first-party benefits.
Section 672 of the Insurance Law sets forth who is entitled to the payment of first-party benefits. Subdivision 1 thereof states, in part, that:
"Every owner’s policy of liability insurance issued on a motor vehicle in satisfaction of the requirement of articles six or eight of the vehicle and traffic law shall also provide for * * * the payment of first party benefits to:
"(a) persons, other than occupants of another motor vehicle * * * for loss arising out of the use or operation in this state of such motor vehicle”.
Therefore, plaintiff’s status as a "covered person” depends upon whether her injuries arose out of the "use or operation” of a motor vehicle. (Pavone v Aetna Cas. & Sur. Co., 91 Misc 2d 658, 660.)
At first blush, it would seem clear that plaintiff’s injuries did not arise out of the "use or operation” of a motor vehicle since she was injured by a falling refrigerator inside a house. Yet, Senia v Government Employees Ins. Co. (85 Misc 2d 762), the only case cited by either side, appears, at least superficially, to raise some question about this. In that case, an action to recover first-party no-fault benefits, the plaintiff fell in a parking lot and suffered personal injuries while carrying groceries she intended to deposit in a motor vehicle parked *210 "one short block” away. The court noted that the insurance policy issued by the defendant contained the indorsement required by 11 NYCRR Part 65 defining an "eligible injured person” as one who "sustains a personal injury arising out of the use or operation of the self-insured motor vehicle while not occupying another motor vehicle” and includes "the loading or unloading of such vehicle” within its definition of "use or operation.” In directing summary judgment in favor of the defendant, the court stated (at p 763): "In our opinion, unless a vehicle is specifically insured to transport goods commercially and the injuries arise out of such use, the 'complete operation’ rule, enunciated in Wagman v American Fid. & Cas. Co. (304 NY 490), does not apply (cf. General Acc. Fire & Life Assur. Corp. v Jarmuth, 32 Misc 2d 424; contra, Broome County Coop. Fire Ins Co. v Aetna Life & Cas. Co., 75 Misc 2d 587). Coverage under the 'loading or unloading’ clause of the policy herein should be limited to the immediate act of placing the goods on the vehicle and lifting them off. As the record, clearly demonstrates that plaintiff had not yet commenced loading the insured vehicle under this more narrow test, this court directs that summary judgment be entered in favor of defendant dismissing the complaint (CPLR 3212, subd [b]; Davis v Shelton, 33 AD2d 707; Cutting Room Appliance Corp. v Finkelstein, 33 AD2d 674).”
Defendant points out that its insurance policy contained the indorsement required by 11 NYCRR Part 65 to the effect that the "use or operation” of its motor vehicle included the loading or unloading of the vehicle, and further points out that its vehicle which delivered the refrigerator was specifically insured to transport goods commercially. It therefore argues that in this case, unlike Senia, the "complete operation” rule referred to in Senia applies and that when the fall of the refrigerator caused injuries to the plaintiff, defendant’s employees were engaged in unloading a vehicle. This, defendant argues, constituted the "use or operation” of a vehicle, giving plaintiff the status of a "covered person”, entitling her to first-party benefits but barring her recovery in this action by virtue of subdivision 1 of section 673 of the Insurance Law.
Defendant relying on Senia seems to take the position that the "loading or unloading” test is the exclusive one to be applied in determining whether the plaintiff’s injuries arose out of the use or operation of a motor vehicle. Yet, even if this were the only test to be applied in order to make this determi *211 nation — although Matter of Manhattan & Bronx Surface Tr. (Gholson), (71 AD2d 1004), recently decided by the Appellate Division, Second Department, indicates that this is not the exclusive test even in an action for first-party benefits — it cannot dictate the result in this case which is not an action to recover first-party benefits and does not involve the interpretation of defendant’s insurance policy. That policy — even though its provisions were mandated by the regulations by the Superintendent of Insurance — could not affect the rights of plaintiff whose cause of action is not based upon defendant’s insurance policy. The Superintendent of Insurance could not, by a regulation broadening the definition of "use or operation” to include "loading or unloading”, take away from this plaintiff a cause of action which the Legislature has not taken away. If the right to bring a cause of action is to be taken away, this may be done by the Legislature but not by the Superintendent of Insurance. (See, generally, Montgomery v Daniels, 38 NY2d 41, 57.) It is for the court to determine whether plaintiff’s injuries arose out of the use or operation of a motor vehicle without being constrained by the requirements of the regulations of the Superintendent of Insurance. (Cf. Galbreath-Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354, 365-366.)
In making this determination, the court notes that the Legislature has not defined "use or operation” as used in article 18 of the Insurance Law. (See Pavone v Aetna Cas. & Sur. Co., supra, p 661.) It therefore becomes a matter of interpreting these words in their ordinary and usual sense. Aside from the question of "loading or unloading” and whether the accident arose within the natural territorial limits of the motor vehicle, the court must consider whether the accident arose out of the inherent nature of the motor vehicle and whether the motor vehicle produced the injury. (Matter of Manhattan & Bronx Surface Tr. [Gholson], supra; see, also, Pavone v Aetna Cas. & Sur. Co., supra, p 661, indicating that the court should consider whether the "use or operation” of the motor vehicle was the proximate cause of the injury.)
In this case, plaintiff was inside a house and was not even near the motor vehicle which was parked in the street when she sustained injuries as a consequence of a refrigerator falling down a stairway. These injuries certainly did not arise out of the inherent nature of the motor vehicle. The use and *212 operation of the motor vehicle was not the proximate cause of the injury. The immediately effective cause of the injury was the fall of the refrigerator in the house and not the use and operation of a motor vehicle. (See Ventricelli v Kinney System Rent A Car, 45 NY2d 950, 952.)
 Since plaintiffs injuries did not arise out of the "use or operation” of a motor vehicle, she is not a person entitled to first-party benefits under the provisions of article 18 of the Insurance Law. Accordingly, she is not a "covered person” and may bring this action without pleading or proving that she sustained a "serious injury”. Plaintiffs motion to strike the affirmative defense is granted.