OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff brought this negligence action to recover damages for injuries he sustained while removing a concrete base from a light standard. Third-party defendant White had purchased the light from defendant Nickerson. Plaintiff, who was a friend of White’s, agreed to transport the light from Nicker-son’s place of business to White’s, using White’s truck. While removing the concrete from the light in preparation for loading onto the truck, the light fell and injured plaintiff. He sued Nickerson for negligence, and Nickerson brought a third-party action for contribution and indemnity against White, alleging that White was vicariously liable as the owner of the truck pursuant to Vehicle and Traffic Law § 388 (1), and that plaintiff was White’s employee, agent or both. White moved for summary judgment dismissing Nickerson’s third-party complaint, arguing that his truck was not being "used or operated” at the time of the accident as required by the statute, and that plaintiff was not his employee or agent. Supreme Court denied the motion. The Appellate Division reversed and dismissed the third-party complaint. We now affirm.
 

 Assuming without deciding that "use or operation” of a vehicle for purposes of Vehicle and Traffic Law § 388 (1) encompasses loading and unloading, plaintiff’s independent, preparatory and preliminary activity in removing the light from the concrete does not, as a matter of law, constitute loading. Therefore, it would not be a "use or operation” of White’s vehicle within the intendment or contemplation of Vehicle and Traffic Law § 388 (1).
 

 We have considered appellant’s other argument and conclude it is without substance.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the
 
 *940
 
 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.