■ AXTON CROSS COMPANY, INC., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about January 25, 1991, which denied defendants' motion for summary judgment, granted plaintiff's cross motion for partial summary judgment, and declared that defendant Lumbermens Mutual Casualty Company is required to defend plaintiff in an action brought in Westchester County, unanimously affirmed, with costs.

Defendant is not relieved of its obligation to defend plaintiff in the underlying action on the ground that the complaint and original bill of particulars did not allege that the accident occurred while the drum of hydrofluoric acid was actually being off-loaded from plaintiff's truck. Liberally, read, the complaint and original bill of particulars insofar as they claim that the leak in the drum was caused by negligence in its "packaging and shipping", contain allegations potentially within the coverage of the policy. This is because coverage embraces any negligence in the process of loading and unloading, it being irrelevant that the injuries were sustained at a time and place far removed from that process *(Utica Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.,* 64 NY2d 1049, 1051). If the claim, liberally construed, is within the embrace of the policy, the insurer must defend. *(Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 670.)* Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.