■ ELITE AMBULETTE CORPORATION, Appellant, v ALL CITY INSURANCE Co., Respondent. [740 NYS2d 442] —In an action for a judgment declaring, inter alia, that the defendant must defend and indemnify the plaintiff in an action entitled *Labiak v Elite Ambulance Corp.*, pending in the Supreme Court, Queens County, under Index No. 14548/98, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated June 12, 2001, which, among other things, granted the defendant's motion for summary judgment and declared that the defendant is not obligated to defend and indemnify it.

Ordered that the order and judgment is affirmed, with costs.

A vehicle owned by the appellant, Elite Ambulette Corporation (hereinafter Elite), responded to the Astoria home of Frank Labiak to transport him to a medical appointment. Inside

Labiak's second-floor apartment, the ambulette driver and attendant, Bruce Hill, helped Labiak from his heavy motorized wheelchair into a lighter manual wheelchair provided by Elite, to transport him into the ambulette. This temporary wheelchair provided by Elite allegedly had no rubber on its wheels, and thus the brake levers that normally wedge against the rubber to prevent the chair from rolling were ineffectual. Hill physically lowered Labiak down a flight of stairs to a first-floor vestibule, which was atop a second, shorter flight of stairs. Hill then left Labiak in the vestibule in the temporary wheelchair, while he went back upstairs to retrieve the motorized wheelchair, which he was also to transport. While Labiak waited in the vestibule, the temporary wheelchair began rolling forward. He tried to apply the brakes, but they were useless. Labiak rolled down four or five steps to a landing, where he fell from the chair and was injured.

Labiak commenced the underlying action against Elite and Hill. Elite forwarded copies of the summons and complaint to the defendant, All City Insurance Co. (hereinafter All City), which insured Elite's vehicles for liability "resulting from the ownership, operation, maintenance [or] use" thereof. All City disclaimed coverage on the ground that the accident did not arise from "the ownership, maintenance or use" of a covered ambulette, but due to a fall from an unattended wheelchair that was nowhere near the covered vehicle. Elite thus commenced this action for a judgment declaring, inter alia, All City's duty to provide defense and indemnification in regard to Labiak's claims. The Supreme Court, among other things, granted All City's motion for summary judgment and declared that it was not obligated to defend and indemnify the plaintiff. We affirm.

As alleged in his complaint in the underlying action, Labiak's injuries occurred inside his home, as a result of a defective wheelchair and a careless attendant. The covered ambulette parked outside was not in any way involved in the accident. While the terms "use and operation" do include acts of loading and unloading (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554), the accident herein occurred away from, and incidental to, the covered vehicle. Where coverage is provided for use and operation of a vehicle, to invoke an insurer's duty to defend and/or indemnify, the use of the motor vehicle must be more closely related to the injury (*see Wausau Underwriters Ins. Co. v St. Barnabas Hosp.*, 145 AD2d 314, 315; *cf. Argentina v Emery World Wide Delivery Corp., supra*). Because the accident was not the result of any act or omission

related to the use of the vehicle, the Supreme Court properly declared that All City was not obligated to defend and indemnify Elite (*see Walton v Lumbermens Mut. Cas. Co.,* 88 NY2d 211; *Frontuto v Burgun Trucking Co.,* 78 NY2d 938; *Eagle Ins. Co. v Butts,* 269 AD2d 558; *Bonner v Stevens,* 101 Misc 2d 207; *Senia v Government Empls. Ins. Co.,* 85 Misc 2d 762).

The remaining contentions of Elite are without merit. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.