■ John Coughlan et al., Plaintiffs, v Turner Construction Company et al., Defendants and Third-Party Plaintiffs-Appellants. F.P. Ryan Trucking, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendants. Turner Construction Company et al., Second Third-Party Plaintiffs-Appellants, v Canron Construction Corporation, Second Third-Party Defendant-Respondent. [745 NYS2d 164] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 5, 2000, which, insofar as appealed from, as limited by defendants and third-party plaintiffs' brief, dismissed their second third-party complaint against Canron Construction Corporation, unanimously affirmed, without costs.

An insurance carrier has no right of subrogation against its own insured to recover for a claim which arises out of the very same risk for which the insured is covered (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468). Canron Construction Corporation is a named insured of Continental Insurance Company, which also insured defendants and third-party plaintiffs. The contract between the parties constituted an "insured contract" and thus, the exclusion clause of the insurance policy, which defendants and third-party plaintiffs claim is applicable herein, does not apply (*see, Maksymowicz v New York City Bd. of Educ.*, 232 AD2d 223).

Moreover, plaintiff, while working on the flatbed portion of a truck, was injured when a crane, which was being used to off-load the truck, struck its cab, causing him to fall. There was no showing that any negligent use of the truck caused the injury (*see, Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554); thus the auto liability coverage did not apply.

The argument that Canron Construction waived the antisubrogation rule by failing to raise it in its answer was not raised by the defendants and third-party plaintiffs in the Supreme

Court and therefore may not be raised in this appeal (see, *Chateau D'If Corp. v City of New York*, 219 AD2d 205, *lv denied* 88 NY2d 811).

Reargument granted and, upon reargument, the decision and order of this Court entered herein on December 18, 2001 (289 AD2d 122) is hereby recalled and vacated. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.