■ ABC, INC., Formerly Known as CAPITAL CITIES/ABC, INC., et al., Respondents, v COUNTRYWIDE INSURANCE COMPANY, Appellant. WALTON HAULING & WAREHOUSE CORP., Respondent, v COUNTRYWIDE INSURANCE COMPANY, Appellant. [764 NYS2d 244] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 10, 2002, to the extent that it denied defendant's motion for summary judgment in the consolidated actions, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant in both actions, dismissing the complaint in each.

Walton was under contract with ABC for the carriage and delivery of scenery and props. The contract required Walton to provide a truck and driver, as well as carrier liability insurance which would cover ABC as an additional insured. Walton procured such a policy from defendant. Walton's driver, Goll, was injured on May 23, 1995, while unloading the vehicle at ABC's loading dock when one of the shipping crates came apart. Goll brought a lawsuit against ABC on May 22, 1998, just before expiration of the statute of limitations. Four months later, by certified mail, ABC requested defendant to step in and defend the additional insured. After a second letter was sent, defendant responded, explaining it had never received the first letter, and declining representation for lack of timely notice of the lawsuit or the underlying accident. In March 1999, ABC filed a third-party action against Walton for indemnity and breach of contract, prompting Walton to write to defendant, asking for representation and indemnification of the primary insured under the policy. Defendant declined for the same reasons it had declined to represent ABC, namely, untimeliness in notifying it of the lawsuit or the underlying accident. A year later, in April 2000, Walton brought its own action against defendant, seeking a declaratory judgment as to defendant's obligation to defend and indemnify Walton and ABC because the accident had taken place on a truck insured by defendant. In January 2001, defendant's counsel wrote to Walton and ABC, reiterating their tardiness in notifying the insurer of both the lawsuit and the underlying accident, and raising for the first time a disclaimer of coverage because neither the complaint nor the bill of particulars alleged negligence in the

operation or use of the insured vehicle. The only negligence alleged was with regard to the design, creation, maintenance and removal of the crate. Defendant then moved for consolidation of Walton's declaratory judgment action and ABC's third-party indemnity suit, and for summary dismissal of both actions, both for insufficient notice and for lack of coverage under the policy. The IAS court granted consolidation, but denied summary judgment, noting that loading a truck is a "use" of the vehicle, and that a question of fact existed whether the driver's injury during the unloading process resulted from improper loading or securing of the cargo. The court found further factual issues as to whether ABC's delay in notifying the insurer of the accident was due to a reasonable belief that the former had no liability here, and also whether defendant's delay in disclaiming coverage was reasonable under Insurance Law § 3420 (d).

While an insurer's obligation to defend may be broader (in instances where underlying issues of coverage remain unresolved) than its obligation to pay out under a policy, the insurer should not be handicapped in providing such a defense by receiving untimely notice of the underlying claim. But that issue need not even be reached if the question of whether the claim comes within the scope of the policy can be resolved at the threshold.

Generally speaking, liability insurance on the use of a motor vehicle includes coverage for bodily injury suffered during the loading or unloading of the vehicle. However, there still must be a demonstration that the injury resulted from "some act or omission related to the use of the vehicle" (*Eagle Ins. Co. v Butts*, 269 AD2d 558, 559 [2000], *lv denied* 95 NY2d 768 [2000]; *see also Elite Ambulette Corp. v All City Ins. Co.*, 293 AD2d 643, 644-645 [2002]). Simply sustaining an injury during the unloading process, without any showing of negligent use of the truck, does not invoke liability coverage under the vehicle insurance policy (*Coughlan v Turner Constr. Co.*, 296 AD2d 342 [2002]).

An insurer may look to the pleadings in an underlying action to determine whether a claim falls within the parameters of the policy (*2619 Realty v Fidelity & Guar. Ins. Co.*, 303 AD2d 299 [2003]). Scrutiny of the underlying complaint herein reveals no cognizable allegation of negligence with regard to the covered vehicle.

Goll's bill of particulars fixes the location of the accident not in the vehicle, but "in [ABC's] loading area." No argument is made that the crate ultimately came apart during the unload-

ing by reason of improper loading or securing of the crate in the truck's cargo area. The complete operation of transporting goods may include loading and unloading, but does not encompass acts in preparing goods for loading (*Frontuto v Burgun Trucking Co.*, 78 NY2d 938 [1991], *affg* 168 AD2d 914, 915 [1990] [where the Fourth Department recognized such preliminary acts as "dismantling" or even "crating" prior to shipment]).

The complaint is rife with allegations of negligence in the design, construction and maintenance of the crate, and in permitting a dangerous condition to exist in the loading area. But there is no allegation of negligence in the actual "shipping" of the crate (*cf. Axton Cross Co. v Lumbermens Mut. Cas. Co.*, 176 AD2d 482 [1991], *lv dismissed* 79 NY2d 822 [1991]), or even its "loading," for that matter (*cf. Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554 [1999]). Absent such allegations as to negligent use of the vehicle, the insurer has no obligation to defend—let alone indemnify—the insured (*Progressive Cas. Ins. Co. v Yodice*, 276 AD2d 540, 542 [2000]).

Under the circumstances, we need not address the remaining issues raised on this appeal. Concur—Buckley, P.J., Nardelli, Sullivan and Rosenberger, JJ.