Tishman Constr. Corp. v Zurich Am. Ins. Co. (2022 NY Slip Op 02886)

Tishman Constr. Corp. v Zurich Am. Ins. Co.

2022 NY Slip Op 02886

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 654745/18 595932/19 Appeal No. 15833-15834-15834A Case No. 2021-01033 2021-01034 2021-01035 

[*1]Tishman Construction Corporation et al., Plaintiffs-Respondents-Appellants,
v
Zurich American Insurance Company et al., Defendants-Respondents, Old Republic General Insurance Company, Defendant-Appellant-Respondent.
Old Republic General Insurance Company, Third-Party Plaintiff-Appellant-Respondent,
v
Insurance Company of the State of Pennsylvania, Third-Party Defendant-Respondent.

Ken Maguire & Associates, PLLC, Wantagh (Katherine Maguire Tedrick of counsel), for appellant-respondent.
Saiber LLC, New York (Gregory T. Dennison of counsel), for respondents-appellants.
Coughlin Midlige & Garland LLP, New York (Gabriel E. Darwick of counsel), for Zurich American Insurance Company, respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for Five Star Electric Corporation, respondent.
Gfeller & Laurie LLP, New York (Elizabeth F. Ahlstrand of counsel), for Insurance Company of The State of Pennsylvania, respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 14, 2020, which denied defendant/third-party plaintiff Old Republic General Insurance Company's motion to compel, unanimously affirmed, without costs. Order, same court and Justice, entered October 9, 2020, as amended by order entered December 11, 2020, which, to the extent appealed from as limited by the briefs, granted third-party defendant Insurance Company of the State of Pennsylvania's (ICSOP) motion to dismiss the third-party complaint, denied Old Republic's motion for summary judgment declaring that it is not required to defend or indemnify plaintiffs in the underlying action, granted plaintiffs' cross motion for summary judgment against Old Republic, and declared that Old Republic has a duty to defend plaintiffs in the underlying action and that ICSOP does not have a duty to defend or indemnify plaintiffs in the underlying action, unanimously reversed, on the law, without costs, Old Republic's motion for summary judgment declaring that it is not required to defend or indemnify plaintiffs in the underlying action granted, and it is so declared, plaintiffs' cross motion for summary judgment against Old Republic denied, ICSOP's motion to dismiss the third-party action denied, and the declaration that ISOP has no duty to defend or indemnify plaintiffs vacated. Order, same court and Justice, entered December 11, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Zurich American Insurance Company's cross motion for summary judgment dismissing the first and second causes of action against it, and declared that Zurich has no duty to defend plaintiffs in the underlying action, unanimously reversed, on the law, without costs, the motion denied and the declaration vacated.
This declaratory judgment action has its genesis in a personal injury action brought by Richard Rodriguez. Rodriguez was employed by defendant Port Morris Tile & Marble Corporation (Port Morris), the stone and tile subcontractor on a construction project owned by plaintiff Riverside Center 5 Owner, LLC (Riverside), for which plaintiff Tishman Construction Corp. (Tishman) was the construction manager. Defendant Five Star Electric Corporation (Five Star) was the electrical subcontractor. The underlying complaint alleges that Riverside and Tishman were negligent and violated Labor Law §§ 200 and 241(6). ICSOP provided Riverside and Tishman a defense, which ICSOP asserts is subject to a reservation of rights.
Rodriguez was allegedly injured when he fell into a hole while at the premises to make a delivery. He testified at his deposition that he had backed the truck he was driving into the building's interior loading dock where it was offloaded. Hanging down in front of the building entrance through which he had backed the truck were wind flaps and a plastic sheet or curtain that were about 10 to 30 feet away from the front of the truck parked at the loading dock. The wind [*2]flaps/curtain had to be raised from the outside of the building for the truck to enter and exit. After the truck had been offloaded and materials he was taking back had been reloaded onto the truck, he walked from the loading dock to make sure the driveway was clear to exit and raise the curtain. He had not yet checked the rear of the truck to make sure nothing was loose before departing. A plate covering a hole in the ground outside the building shifted and he fell in. He further testified that while there were "normal" artificial light conditions inside the building, it was still dark outside, with only "minimal" lighting.
As part of an owner-controlled insurance program (OCIP), ICSOP issued to Riverside a commercial general liability (CGL) policy. The policy contained an "Auto" exclusion. Port Morris's subcontract additionally required it to obtain a commercial automobile insurance policy naming Riverside and Tishman as additional insureds "on a primary and non-contributory basis". Pursuant to its subcontract, Port Morris obtained a commercial automobile insurance policy from Old Republic General Insurance Company (Old Republic) that provided third-party coverage for bodily injury "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'". Five Star's subcontract required it to obtain a CGL policy providing coverage for itself, Tishman, and Riverside on a primary basis. It apparently was not covered under the OCIP, but instead obtained a CGL policy from Zurich American Insurance Company (Zurich).
Plaintiffs Riverside and Tishman commenced this action against Old Republic, Zurich, Port Morris, and Five Star seeking declarations, inter alia, that Riverside and Tishman are additional insureds under the Old Republic and Zurich policies, and that Old Republic and Zurich are obligated to defend and indemnify them and to provide primary coverage to them in the underlying action.
The primary issue on this appeal is whether Richard Rodriguez was injured as a result of the "use" of an automobile, within the meaning of a commercial automobile liability policy issued by Old Republic and the automobile use exclusion in the CGL policy issued by ICSOP. We conclude that the answer to this question is no.
While "use" of an automobile includes loading and unloading (Paul M. Maintenance, Inc. v Transcontinental Ins. Co., 300 AD2d 209, 211 [1st Dept 2002]), an accident does not arise from the "use" of an automobile merely because it occurs during the loading or unloading process, but rather "must be the result of some act or omission related to the use of the vehicle" (ABC, Inc. v Countrywide Ins. Co., 308 AD2d 309, 310 [1st Dept 2003]).
We reject the contention that the process of unloading was not completed here because Rodriguez was injured while checking to ensure a clear exit path, raising the wind flap/curtain to exit, or ensuring that there was nothing loose at the back of the truck. Even if Rodriguez's accident [*3]occurred during loading or unloading of the truck, it did not arise out of the "use" of the truck or its loading or unloading, because the injury was caused by a defective premises condition, rather than any act or omission related to the use of the automobile (see id. at 310-311 [the plaintiff's injury not related to use of vehicle where crate came apart during unloading because of negligence in design and construction of crate and dangerous condition in loading dock area]; Cosmopolitan Mut. Ins. Co. v Baltimore & Ohio R. R. Co., 18 AD2d 460, 464 [1st Dept 1963] [the plaintiff's slip and fall not related to use of truck while unloading but caused by defective flooring of receiving platform or pier]; cf. Zurich Am. Ins. Co. v ACE Am. Ins. Co., 165 AD3d 558 [1st Dept 2018] [accident arose out of unloading rebar cages from truck, which necessitated untying straps that secured the cages]). Accordingly, Old Republic is not required to defend or indemnify plaintiffs in the underlying action, and Zurich is not entitled to a declaration that it has no duty to defend plaintiffs in the underlying action.
Finally, we decline defendant Five Star Electric Corporation's invitation to resolve, upon a search of the record in this insurance coverage action, whether it was negligent in connection with the underlying accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022