Froessel, J.
 

 Plaintiff, an employee of Lipsett, Incorporated (herein called Lipsett), has brought this negligence action against Sinclair Refining Company (herein called Sinclair) to recover damages for personal injuries, which allegedly arose out of an explosion at Sinclair’s East Chicago, Indiana, oil refinery on February 17, 1959. Sinclair thereupon served a third-party complaint upon Lipsett as well as upon Employers Mutual Liability Insurance Company of Wisconsin (herein called Insurance Co.). That complaint alleged three causes of action: (1) against Lipsett under a written indemnity agreement; (2) against Lipsett for common-law indemnity because of its active negligence, and (3) against Insurance Co. on the policy it issued to Lipsett.
 

 The Appellate Division, disagreeing with Special Term, granted Insurance Co. summary judgment dismissing that third cause of action, the only one with which we are concerned on this appeal. In so doing, it rejected Sinclair’s claim that it was a third-party creditor-beneficiary under the Contractual Liability Coverage Endorsement of the policy issued to Lipsett.
 

 The third-party complaint alleges that on October 3, 1958 Lipsett entered into a contract with Sinclair to dismantle, demolish and remove from Sinclair’s afore-mentioned oil refinery premises certain buildings and other facilities. Under article X of that contract, Lipsett agreed to indemnify Sinclair against liability for personal injury claims (among others) arising out of the work covered by the agreement, even if caused by Sinclair’s own negligence, and further agreed to conduct the defense of any such suit brought against Sinclair. Sinclair,
 
 *426
 
 however, reserved the right to defend such suit itself. It also expressly recognized and agreed that, while “ the primary obligation” was Lipsett’s, it would accept performance by an insurance carrier of Lipsett’s duty to defend as a discharge of Lipsett’s duty—a provision which would be meaningless if the insurance carrier were
 
 obligated
 
 to defend.
 

 Under article XI, Lipsett agreed to ‘ ‘ provide and maintain continually in full force and effect with insurance carriers
 
 approved by Sinclair
 
 and in
 
 such form as is satisfactory to Sinclair,
 
 insurance covering the obligations assumed by [Lipsett] under Article X of the Agreement” (emphasis supplied). Article XTT gave Sinclair the right to disapprove the insurance company selected by Lipsett or the form of the insurance policy, and in this case Sinclair registered no disapproval.
 

 A week after the demolition contract was executed, an endorsement was added to an existing comprehensive general liability insurance policy issued by Insurance Co. to Lipsett, the
 
 only
 
 named insured. By the endorsement, Insurance Co. agreed to insure
 
 Lipsett
 
 with reference to “ Contract entered into between the named insured [Lipsett] and Sinclair Refining Co. in connection with job at the East Chicago Refinery, Inc. per contract dated: 10-3-58 ” as follows: “ To pay
 
 on behalf of the insured
 
 all sums which the insured, by reason of the liability assumed by him under any written contract designated in the Schedule,
 
 shall become legally obligated to pay
 
 as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.” (Emphasis supplied.) With regard to
 
 “
 
 Defense, Settlement, Supplementary Payments ”, the endorsement makes applicable (except for one provision not here involved) the provisions of Insuring Agreement II. Under the latter paragraph, Insurance Co. agrees to “ defend any suit [for injuries, etc.]
 
 against the insured”
 
 (emphasis supplied). Lipsett is the sole insured.
 

 As we read the contract between Sinclair and Lipsett, and the policy with the relevant endorsement thereon issued by Insurance Co., Sinclair has no right to sue Insurance Co. in the action by plaintiff against Sinclair. The third-party beneficiary doctrine, and such cases relied on by Sinclair as
 
 Seaver
 
 v.
 
 Ransom
 
 (224 N. Y. 233) and
 
 Lawrence
 
 v.
 
 Fox
 
 (20 N. Y. 268),
 
 *427
 
 and cases involving surety company bonds such as
 
 Daniel-Morris Co.
 
 v.
 
 Glens Falls Ind. Co.
 
 (308 N. Y. 464), have no application here. While Sinclair may later recover by virtue of the insurance policy, it may not do so now.
 

 True it is that Lipsett agreed to indemnify and save harmless Sinclair from personal injury claims arising out of the work involved in the contract between them, and to conduct the defense of any such suit against Sinclair. That was Lipsett’s obligation. It also agreed to furnish an insurance policy by a company and in a form satisfactory to Sinclair. It did so.
 

 In that policy Sinclair was neither a named insured nor an additional insured. Since the endorsement on Lipsett’s existing comprehensive policy under which Sinclair is claiming covers “contractual liability ”, the contract was identified in the endorsement. All Insurance Co. agreed to do, however, was to “ pay on behalf of the insured all sums which the insured, by reason of the liability assumed by him under [the] written contract * * * shall become legally obligated to pay ’ ’. Lipsett, the only insured, has not yet become legally obligated to pay anything; nor indeed has Sinclair. Until such event, any claim of Sinclair against Insurance Co. is premature.
 

 As to the “ defense ” provision of the policy, Insurance Go. is obligated only to “defend any suit against the insured ”, namely Lipsett, and that it is now doing. If Lipsett fails in its own undertaking to defend Sinclair, the latter may well have the right to recover the reasonable counsel fees and expenses incurred in defending plaintiff’s action, which is all it asks for in its third-party complaint in this action. It is not seeking specific performance of Lipsett’s agreement to defend. Its claim for reimbursement of a sum not yet known nor earned is, therefore, likewise prematurely made.
 

 If there were the slightest doubt about Sinclair’s present right to sue Insurance Co., the condition in paragraph 11 of the policy, expressly incorporated in paragraph 1 of the conditions contained in the Sinclair endorsement, would seem to be unanswerable. It is there provided:
 

 “11.
 
 Action Against Company. No action shall lie against the company
 
 * * *
 
 until
 
 the amount of the insured’s obligation to pay shall have been finally
 
 determined
 
 * * * by
 
 judgment
 
 against the insured after actual trial * * *»
 

 
 *428
 
 ‘ ‘ Any person or organization * * * who has secured such judgment # * * shall
 
 thereafter
 
 be entitled to recover under this policy * * *.
 
 Nothing contained in this policy shall give any person or organisation any right to join the company as a co-defendant in any action against the insured to determine the insured’s liability.”
 
 (Emphasis supplied.) (In this connection, see Insurance Law, § 167, subd. 7, par. [b].)
 

 Thus the plain and unambiguous language of the policy makes it clear to us that the third cause of action in Sinclair’s third-party complaint was properly dismissed.
 

 In light of the foregoing, we deem it unnecessary to discuss Insurance Co.’s further contention that it would be manifestly unfair to require it to litigate the defenses contained in its answer in a jury trial between plaintiff and Sinclair, or to compel it to specifically perform Lipsett’s undertaking to defend where there may be a possible conflict of interests in defending both the insured and Sinclair at the same time.
 

 Accordingly, the judgment appealed from should be affirmed, with costs to the third-party defendants-respondents.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
 

 Judgment affirmed.