HARRY B. SCHILLINGER et al., Respondents, v. NORTH HILLS REALTY CORPORATION, Appellant.— Plaintiff Keck, a real estate broker and a stockholder of the defendant, received a prospectus from the defendant and a letter from the defendant's president. The letter informed the defendant's stockholders that a committee of three persons (which included the defendant's

president) had been appointed by its president to invite offers for the purchase of the defendant's real property and to decide what method to use in evaluating the offers. It was stated therein that "Within a reasonable time we will evaluate the offers submitted and the committee will present to the Board of Directors an analysis of the offers and its recommendation. If the Board approves, it will then call a special meeting of the stockholders for their approval or disapproval, as no contract to sell will be entered into until the stockholders vote." The offer in behalf of the plaintiffs' alleged purchaser was made to the chairman of the committee. There is no claim by the plaintiffs that the majority of the sales committee or of the defendant's board of directors or its stockholders approved the offer of the plaintiffs' alleged purchaser to purchase the real property, which comprised approximately 90% of the defendant's assets. There is no claim by the plaintiffs that it was ever intimated to them that the chairman of the committee had the authority to bind the defendant. On a motion for summary judgment, the court must search the proof, as proffered by affidavits or otherwise, to ascertain whether it discloses a real issue, a triable issue, rather than a formal, feigned, perfunctory or shadowy one. If, as here, there be in truth nothing to be tried, summary judgment should be granted (*Di Sabato* v. *Soffes,* 9 A D 2d 297, 300; *Rubin* v. *Irving Trust Co.,* 305 N. Y. 288, 306). When a defendant has established a defense sufficiently to warrant the court as a matter of law in directing summary judgment in his favor (Rules Civ. Prac., rule 113), a plaintiff is not relieved from making an evidentiary showing in opposition to the defendant's motion. The situation presented herein does not fall within the rule that a "motion for summary judgment should not be granted 'If the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent'" (*De France* v. *Oestrike,* 8 A D 2d 735). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.