■ ˙ CAMILLE STEVES, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: No issue of fact is raised which will preclude plaintiff, a victim of an automobile accident, from recovering her property damages from defendants, the agent and insurance company which issued a policy to the driver of the automobile which caused the damages. In their opposing affidavits defendants claim that no policy of insurance had been issued and that, even had one been issued, it was canceled. Conceding that no written contract of insurance was issued does not create a fact issue sufficient to defeat summary judgment because it is established by documentary proof that a certificate of insurance (FS-21) was issued by defendant Nodecker to the insured involved in the accident with plaintiff. The certificate was filed by the insured with the New York State Commissioner of Motor Vehicles and was therefore in full force and effect on the date of the accident *(Teeter v Allstate Ins. Co.,* 9 AD2d 176, affd 9 NY2d 655). Further, the purported cancellation of the policy was ineffective because it was not done in compliance with the requirements of the statute (Vehicle and Traffic Law, § 313). (Appeal from judgment of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD STREVER, Appellant.—Judgment unanimously reversed, motion to suppress granted and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: On May 23, 1977 defendant was arrested on a warrant charging him with sexual abuse, first degree, and was committed to Onondaga County Jail. On May 24 he was arraigned and counsel assigned. On May 30, the date we are concerned with, counsel had not yet met with defendant but on that day the police had defendant brought from the jail to the investigator's office to question him about the unrelated charges which are the subject of this criminal proceeding. After interrogation the defendant gave the police an inculpatory statement. He now contends, and correctly so, that the statement should be suppressed because it was obtained without valid waiver of his rights in the absence of counsel (see *People v Rogers,* 48 NY2d 167). The issue is properly before us although not raised below (see *People v Cullen,* 50 NY2d 168, 174; *People v Samuels,* 49 NY2d 218). (Resubmission of appeal from judgment of Onondaga County Court—sodomy, first degree.) Present—Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.

■ MARY A. BICK, Individually and as Executrix of JOHN BICK, Deceased, Appellant, v JANINE T. WATROBA, as Administratrix of the Estate of MARY A. SIEDLIKOWSKI, Deceased, et al., Defendants, and ORDER OF THE FELICIAN SISTERS OF ST. FRANCIS, Respondent. (Action No. 1.) STANLEY FRANCZYK et al., Appellants, v JANINE T. WATROBA, as Administratrix of the Estate of MARY SIEDLIKOWSKI, Deceased, et al., Defendants, and MOTHER ANTOINELLE, as Mother Superior of the Congregation of the Sisters of St. Felix of Contalice, Inc., Respondent. (Action No. 2.—Appeal No. 1.)—Order unanimously affirmed, without costs, on the opinion at Special Term, Marshall, J. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Dillon, P. J., Simons, Schnepp, Callahan and Doerr, JJ.