■ ALAN KAUFMAN, Doing Business as 3816 ASSOCIATES, Respondent, v PURITAN INSURANCE COMPANY, Appellant, et al., Defendants.—In an action to recover damages for the alleged breach of an insurance contract, the defendant Puritan Insurance Company appeals from so much of an order of the Supreme Court, Westchester County (Weiner, J.), entered May 9, 1985, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the cross motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action is severed against the remaining defendants.

In support of its cross motion for summary judgment, the appellant produced its insurance policy which indicated that the only named insured was 3816 Ninth Avenue Roller Rink, Inc., the plaintiff's former tenant, and a notice of cancellation which was duly served upon the former tenant indicating that the policy was canceled prior to the loss in question. It was, therefore, incumbent upon the plaintiff to come forward with evidentiary proof, in admissible form, challenging the appellant's showing that the plaintiff was not an insured, which the plaintiff failed to do. Specifically, the "certificate of insurance", relied upon by the plaintiff, was merely a confirmation that the plaintiff's former tenant had acquired insurance on the premises and its contents. This document stated on its face that it was "issued as a matter of information only" and "confer[red] no rights upon the certificate holder" and further clearly set forth the name of the insured as "3816 Ninth Ave. Roller Rink, Inc.". Therefore, the certificate of insurance does

not support the plaintiff's position that he was a coinsured under the insurance policy, or that he had any contractual relationship with the appellant. Moreover, the lease between the plaintiff and his former tenant regarding the purchasing of insurance did not in any way bind the appellant. Finally, we note that the other contentions raised by the plaintiff do not preclude the granting of summary judgment to the appellant (cf. Schillinger v North Hills Realty Corp., 15 AD2d 539, 540, affd 11 NY2d 1044; Di Sabato v Soffes, 9 AD2d 297). Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.