**Mildred McKENZIE, Plaintiff,**

v.

**NEW JERSEY TRANSIT RAIL OPERATIONS, INC. and National Railroad Passenger Corporation, Defendants.**

**NEW JERSEY TRANSIT RAIL OPERATIONS, INC. and National Railroad Passenger Corporation, Third–Party Plaintiffs,**

v.

**UNIVERSAL CONTRACTORS, INC. and National Casualty Company, Third–Party Defendants.**

**No. 90 Civ. 4507 (WCC).**

United States District Court, S.D. New York.

Sept. 19, 1991.

As Amended Oct. 18, 1991.

Walker & Bailey, New York City (Leroi J. Andrews, of counsel), for defendants/third-party plaintiffs.

Thurm & Heller, New York City (Michael A. Miranda, of counsel), for third-party defendant Nat. Cas. Co.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Third party plaintiffs New Jersey Transit Rail Operations, Inc. and National Railroad Passenger Corporation ("Amtrak"), bring this action for specific performance and indemnification under an insurance agreement between third-party defendants Uni-

versal Contractors, Inc. ("Universal") and National Casualty Co. ("National"). This action is presently before the Court on third-party defendant National's motion for summary judgment pursuant to Fed. R.Civ.P. 56(c).[1]

## Background

On November 25, 1989, National Casualty issued a General Liability Policy to Universal Contractors. Apparently, Universal obtained this policy after reaching an indemnification agreement with Amtrak that was required before Universal could commence refurbishing work at Pennsylvania Station.[2] *See* Third–Party Complaint ¶ 8–11. The policy did not explicitly name either New Jersey Transit or Amtrak as insureds. On December 8, 1989, a certificate of insurance confirming the existence of Universal's policy was issued to Amtrak by Seide, Jonas and Cohen, an insurance agency. The certificate states that it was "issued as a matter of information only and confers no rights upon the certificate holder." [3]

The present action was brought by plaintiff Mildred McKenzie, a car cleaner employed by New Jersey Transit, to recover damages for personal injuries she sustained as a result of inhaling noxious fumes allegedly created by work being done by Universal at Pennsylvania Station. Complaint ¶ 11. Her complaint alleges negligence on the part of New Jersey Transit and Amtrak for, *inter alia*, failure to provide plaintiff with safe working conditions. Complaint ¶ 14, 23.

On November 16, 1990, New Jersey Transit and Amtrak filed a third-party complaint against third-party defendants Universal Contractors and National Casualty, alleging that Universal's agreement with Amtrak provided for the indemnification of Amtrak and the issuance of railroad protective liability insurance in the name of Amtrak and any other railroad operating over the tracks at Pennsylvania Station. Third–Party Complaint ¶ 11. The third-party complaint also contends that New Jersey Transit, by virtue of its operations over the tracks in question, qualifies as an indemnitee under the agreement. Third–Party Complaint ¶ 12. Third-party plaintiffs further aver that the agreement provides that Universal shall by its designated insurance carrier protect and save harmless Amtrak and New Jersey Transit against any suit arising out of any claimed injury which concerns work performed by Universal under the agreement. Third–Party Complaint ¶ 15. Thus plaintiffs allege that the mere fact of the McKenzie occurrence is sufficient to obligate Universal and National Casualty to indemnify Amtrak and New Jersey Transit.

## Discussion

### A. The Standard for Summary Judgment

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It must establish that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356. "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess wheth-

---

1. National has also asked for a declaration pursuant to Fed.R.Civ.P. 57 that it is not obligated to defend and indemnify New Jersey Transit or Amtrak premised upon the policy of insurance issued to Universal. Because this Court today grants National's motion for summary judgment with prejudice, National's Rule 57 motion is superfluous.

2. Amtrak places great emphasis on the existence of an indemnification agreement between itself and Universal. However, as is evident below, the Court finds the terms of said agreement to be of little significance in determining National's liability.

3. Read in full the disclaimer states: "This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does 'not amend extend or alter the coverage afforded by the policies below."

er there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The inquiry under a motion for summary judgment thus parallels that under a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B. National's Summary Judgment Motion

In the instant case, there is little dispute over the material facts. In fact, plaintiff has chosen not to dispute defendant's recitation of the relevant facts.[4] While the parties do dispute several points of law "legal questions ... present nothing for trial and [are] appropriately resolved on a motion for summary judgment." *Holland Indus. v. Adamar of New Jersey Inc.*, 550 F.Supp. 646 (S.D.N.Y.1982). *See also Flair Broadcasting Co. v. Powers*, 733 F.Supp. 179 (S.D.N.Y.1990). The Court thus decides National's motion as a matter of law.

Defendant National correctly contends that since it is not alleged that National was a party to the indemnification agreement between Amtrak and Universal and since there is no provision for coverage of the third-party plaintiffs in Universal's insurance policy, National owes no coverage to Amtrak or New Jersey Transit according to the terms of the policy itself. Under New York Law[5] it is clear that an insurer's duty to defend and indemnify is determined by comparing the allegations of the complaint with the terms of the policy in question. *See Federal Insurance Co. v. Cablevision Systems Dev. Co.*, 637 F.Supp. 1568 (E.D.N.Y.1986); *Technicon Electronics Corp. v. American Home Assurance Co.*, 74 N.Y.2d 66, 544 N.Y.S.2d 531, 542 N.E.2d 1048 (1989). Here the insurance policy in question makes no mention of the third-party plaintiffs.

Third-party plaintiffs argue, however, that the certificate of insurance issued by National's broker to Amtrak is sufficient to estop National from denying coverage. Defendant, on the other hand, contends that the certificate of insurance issued to Amtrak should have little bearing on this matter. Defendant cites two cases, *Taylor v. Kinsella*, 742 F.2d 709 (2d Cir.1984) [applying New York law] and *Kaufman v. Puritan Ins. Co.*, 126 A.D.2d 702, 511 N.Y.S.2d 307 (2d Dep't 1987) in support of the proposition that a certificate of the sort issued to Amtrak does not evidence direct coverage of Amtrak by the insurer.

Defendant urges that the *Taylor* decision is of particular significance to this case because the language of the certificate at issue in that case was virtually identical to that of the certificate at issue here. The Court agrees. In *Taylor*, a third-party plaintiff also sued for recovery as an additional insured on an indemnification agreement relying upon a certificate of insurance. Like the certificate at issue here, the certificate in *Taylor* stated that it was "issued as a matter of information only and confers no rights upon the certificate holder"; and "does not amend, extend or alter the coverage afforded by the policies below." *Taylor*, 742 F.2d at 711. After analyzing these provisions, the Second Circuit concluded that the certificate did not provide coverage for the plaintiff. Instead, the certificate "was simply notice to [plaintiff] that a policy of insurance had been issued." *Id.* The Second Circuit noted further that "[a]s a general rule, where a certificate or endorsement states expressly that it is subject to the terms and condi-

---

**4.** Since New Jersey Transit failed to submit a separate statement of material facts as to which it contends there exists a genuine issue of material fact, all material facts set forth in National's statement are admitted pursuant to Local Rule 3(g).

**5.** It is undisputed that New York law applies in this case.

tions of the policy, the language of the policy controls." *Id.*

Plaintiff attempts to distinguish *Taylor* arguing that there the certificate of insurance in question was issued for a motor vehicle and was therefore governed by on Section 312 of New York's Vehicle and Traffic Law. However, plaintiff misconstrues *Taylor*. In *Taylor,* the Second Circuit questioned the "assertion that the certificate was written to comply with" Section 312; the court went on to analyze the certificate in accordance with general insurance law. *See Id.*

Also misplaced is plaintiff's reliance on *Bucon, Inc. v. Pennsylvania Manufacturing Association Insurance Co.,* 151 A.D.2d 207, 547 N.Y.S.2d 925 (3d Dept.1989).[6] While it is true that in *Bucon* the New York State Appellate Division did estop an insurer from denying coverage after the issuance of a certificate of insurance, the court grounded its holding upon the fact that the insurer itself had issued the certificate. Moreover, the certificate in *Bucon* had been reissued upon the insured's request to include the name of a sub-contractor as an additional insured pursuant to an agreement with the contractor. In the present case, the insurance certificate was issued not by National Casualty but by a local insurance broker. Generally, a local broker has no authority to bind an insurer. *See Armada Supply Co., Inc. v. Wright,* 858 F.2d 842 (2d Cir.1988). Moreover, in contrast to *Bucon,* the certificate considered here was not reissued to include the name of the third-party plaintiff as an insured prior to plaintiff's injury.

■ Plaintiff argues lastly that summary judgment should be denied because additional discovery is necessary from the insurer in order to determine whether the application for insurance lists Amtrak as an intended insured. This argument is unpersuasive, however, inasmuch as the intention to provide coverage for the benefit of a party not named in an insurance policy "must appear from the four corners of the instrument." *Stainless, Inc. v. Employers Fire Ins. Co.,* 49 N.Y.2d 924, 428 N.Y.S.2d 675, 406 N.E.2d 490 (1980); *aff'g,* 69 A.D.2d

27, 418 N.Y.S.2d 76 (1st Dep't 1979). Such an intention is not evinced in Universal's policy and additional discovery can not alter this fact.

■ There is a second reason for granting National's summary judgment motion. National further contends that under New York law insurers cannot be sued by a stranger to the contract of insurance unless that third party has secured a judgment against an insured of the carrier. *See Jefferson v. Sinclair Refining Co.,* 10 N.Y.2d 422, 223 N.Y.S.2d 863, 179 N.E.2d 706 (1961). This argument, of course, is closely linked to the question addressed above, to wit, whether New Jersey Transit and Amtrak were strangers to the contract of insurance issued to Universal. Because the Court has answered this question in the affirmative, New Jersey Transit's lack of standing to sue National Casualty provides an alternative ground for this Court's holding.

### Conclusion

For the reasons set forth above, National's motion for summary judgment is granted and the claim against it is dismissed with prejudice.

SO ORDERED.

---

**6.** New Jersey Transit also cites *Steves v. Nationwide Mutual Insurance Co.,* 79 A.D.2d 888, 434 N.Y.S.2d 529 (4th Dep't 1980) which is distinguishable on the same grounds as *Bucon.*