■ JOSEPH CASTAGNA, Respondent, v SAL AIEZZA et al., Defendants, and COMMERCIAL UNION INSURANCE COMPANY, Appellant. (And a Third-Party Action.) [696 NYS2d 492] —In an action, *inter alia,* to recover damages for negligence and breach of an insurance contract, the defendant Commercial Union Insurance Company appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered November 2, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In December 1993 the defendant Commercial Union Insurance Company (hereinafter Commercial Union) issued a liability insurance policy to the defendant Elk Construction (hereinafter Elk). In or about December 1993 the plaintiff Joseph Castagna entered into a contract with Elk and the defendant Sal Aiezza for renovation work on the plaintiff's home. A certificate of insurance issued by Commercial Union named the plaintiff and his wife as certificate holders. The certificate of insurance also contained a disclaimer that it was "issued as a matter of information only and confers no rights upon the certificate holder" and did not "amend, extend or alter the coverage" afforded by the policies named therein.

The Supreme Court erred in holding that the plaintiff presently has standing to either maintain a direct action against the insurer Commercial Union on the insurance contract, or to include Commercial Union in his negligence action against Elk and Aiezza. There was no proof in the record that the plaintiff was a named additional insured on the policy. Therefore, the plaintiff, as the injured party, failed to comply with the condition precedent set forth in Insurance Law § 3420 (b), namely, he has not obtained an unsatisfied judgment against the alleged wrongdoers on the issue of damages and, thus, is prohibited from maintaining a direct action against Commercial Union (see, Watson v Aetna Cas. & Sur. Co., 246 AD2d 57, 61; Kaufman v Puritan Ins. Co., 126 AD2d 702). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.