11-1174-cv
United National Insurance Company v. Scottsdale Insurance Company

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
     RAYMOND J. LOHIER,
       *Circuit Judges*,
     LEE H. ROSENTHAL
       *District Judge.*$^{*}$

———————————————————————

UNITED NATIONAL INSURANCE COMPANY,

     *Plaintiff-Appellant*,

   -v.-            11-1174-cv

SCOTTSDALE INSURANCE COMPANY,

     *Defendant-Appellee.*

———————————————————————

FOR APPELLANT:   STEVEN VERVENIOTIS (Michael A. Miranda, *on the brief*), Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY.

FOR APPELLEE:   STEPHEN D. STRAUS, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY.

———

$^{*}$Judge Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Plaintiff-Appellant United National Insurance Company appeals from the district court's (Block, *J.*) March 7, 2011 Memorandum and Order granting Scottdale's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. We assume the parties' familiarity with the underlying facts and procedural history.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Upon such review, we affirm for substantially the same reasons set forth in the district court's thorough Memorandum and Order.

Although we do not decide the issue, we question whether an insurer, like United National, can seek, in a declaratory judgment action, coverage for its insured where

2

it explicitly disclaims seeking any benefit for itself. Even if, however, United National can properly bring this action we agree with the district court that the plain language of Scottsdale's policy does not require Scottsdale to defend and indemnify 164 Atlantic and Two Trees. *See Jefferson v. Sinclair Refining* Co., 10 N.Y.2d 422, 426-27 (1961); *York Restoration Corp. v. Solty's Constr., Inc.*, 79 A.D.3d 861, 862 (2d Dep't 2010).

Finally, we conclude that Scottsdale was not estopped from disclaiming coverage under New York Insurance Law § 3420(d) because that provision does not require timely disclaimer of coverage "when the policy on which the claim rests does not, by its terms, cover the incident giving rise to liability." *Handelsman v. Sea Ins. Co. Ltd.*, 85 N.Y.2d 96, 99 (1994). Because we agree with the district court that Scottsdale's policy did not provide coverage for 164 Atlantic and Two Trees, we find section 3420(d) inapplicable.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



3