■ U.S. Oil Refining and Marketing Corp., Respondent, v Aetna Casualty and Surety Company, Appellant, and William Cronin et al., Respondents.—In an action for a judgment declaring that the defendant Aetna Casualty and Surety Company has a duty to defend and indemnify the plaintiff U.S. Oil Refining and Marketing Corp. in an underlying third-party action pending in the Supreme Court, Suffolk County, under Index Number 87/10192, the defendant Aetna Casualty and Surety Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Hand, J.), dated April 18, 1990, as declared that it is obligated to defend the plaintiff in the underlying third-party action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs to the appellant payable by the plaintiff-respondent, and it is declared that Aetna Casualty and Surety Company has no duty to defend U.S. Oil Refining and Marketing Corp. in the underlying third-party action.

On March 13, 1987, William and Agnes Cronin were injured when a kerosene heater in their home exploded. The Cronins commenced a personal injury action against the service station that sold them the kerosene, alleging that the fuel was contaminated. The service station then impleaded U.S. Oil Refining and Marketing Corp. (hereinafter U.S. Oil) the company that supplied and delivered the allegedly contaminated kerosene. At the time of the accident, the truck used by U.S. Oil to deliver kerosene to retailers was covered by a liability policy issued by the appellant. The appellant notified U.S. Oil that the claims against it in the third-party action were not covered by its policy, and U.S. Oil commenced this action for a judgment declaring that the appellant was required to defend and indemnify it. The Supreme Court granted the relief sought to the extent that it declared that the appellant was required to defend U.S. Oil in the underlying third-party action. We now reverse.

The subject insurance policy contains a standard automobile liability provision which requires Aetna to defend and indemnify the insured with respect to accidents "resulting from the ownership, maintenance or use of a covered auto". Determination of whether an accident has resulted from the use or operation of a covered automobile requires consideration of a three-part test: "1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident

must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury" (6B Appleman, Insurance Law and Practice, § 4317, at 367-369; *see also, Goetz v General Acc. Fire & Life Assur. Corp.,* 47 Misc 2d 67, 69, *affd* 26 AD2d 635, *affd* 19 NY2d 762). Applying this test, we find that U.S. Oil failed to demonstrate that the injuries suffered by the Cronins resulted from the "ownership, maintenance or use" of its truck. Accordingly, the Supreme Court erred in directing the appellant to defend U.S. Oil. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.