■ GEORGIANNA LIEBMAN, Respondent, v JOHN HEISS, Appellant, CENTRAL VALLEY REALTY CO., Respondent, et al., Defendants. [682 NYS2d 82] —In an action to recover damages for personal injuries, the defendant John Heiss appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered April 6, 1998, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The operator of a private passenger vehicle owes to his passengers a duty of reasonable care when providing a safe place to alight (*see, Irwin v Mucha,* 154 AD2d 895, 896; *Ross v Ching,* 146 AD2d 55, 58). The appellant met his burden of establishing that he did not breach that duty when he dropped the plaintiff off at a parking lot near her car. There is no evidence in the record to establish that the parking lot was an unsafe place for the plaintiff to alight (*see, Mignery v Gabriel,* 2 AD2d 218).

Contrary to the Supreme Court's finding, the plaintiff's op-

position was insufficient to raise a genuine issue of material fact that the appellant, an operator of a private passenger vehicle, failed to notice, or should have noticed, with the exercise of reasonable care, the icy condition of the parking lot where the plaintiff exited his car (*see, Zuckerman v City of New York,* 49 NY2d 557; *Ross v Ching, supra*). Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.