■ EAGLE INSURANCE COMPANY, Respondent, v ANNE B. BUTTS et al., Defendants, and GENERAL STAR INDEMNITY COMPANY, Appellant. [707 NYS2d 115] —In an action for a judgment declaring, *inter alia,* that the plaintiff is not required to defend and indemnify the defendant Loretta Vanderveer in an action entitled *Butts v Vanderveer,* pending in the Supreme Court, Dutchess County, under Index No. 1996/2748, the defendant General Star Indemnity Company appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (LaCava, J.), dated February 23, 1999, which granted the plaintiff's motion for summary judgment, denied its cross motion for summary judgment, and declared that the plaintiff had no obligation to defend or indemnify Loretta Vanderveer in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff in the underlying personal injury action, Anne B. Butts, was injured as she was leading a horse from a van down an attached ramp. The horse and van were both owned by Loretta Vanderveer. The horse jumped while on the ramp, throwing Butts to the ground. Butts alleged in her complaint that the accident was caused by Vanderveer's negligent training of the horse.

Vanderveer was insured by an automobile policy issued by Eagle Insurance Company (hereinafter Eagle), which covered the subject van. General Star Indemnity Company (hereinafter General Star) issued a general liability insurance policy which provided Vanderveer with coverage for injuries resulting from the use and ownership of her horse. General Star defended Vanderveer in the underlying action and subsequently requested that Eagle assume the defense. Eagle disclaimed coverage on the ground that Butts' claim did not result from the "ownership, maintenance or use" of a covered vehicle. In the instant action, the Supreme Court upheld the disclaimer and declared that Eagle was not required to defend or indemnify Vanderveer. We now affirm.

For purposes of this appeal, Eagle concedes that the term "use" in the policy encompassed the activity of loading and unloading the subject van. Generally, the determination of whether an accident has resulted from the use or operation of a covered vehicle requires consideration of whether, *inter alia,*

the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produced the injury (*see, U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.,* 181 AD2d 768), or, in other words, whether the use of the vehicle was a proximate cause of the injury (*see, Wausau Underwriters Ins. Co. v St. Barnabas Hosp.,* 145 AD2d 314; *Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971).

We agree with General Star that where the accident occurs during the loading or unloading of property from a covered vehicle, the test as to whether coverage is triggered under the subject provision of the policy is more flexible and does not require a showing that the vehicle itself produced the injury (*see, e.g., Utica Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.,* 103 AD2d 60, *affd* 64 NY2d 1049; *Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, *affd* 61 NY2d 665; *Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.,* 91 AD2d 317; *Cosmopolitan Mut. Ins. Co. v Baltimore & Ohio R. R. Co.,* 18 AD2d 460; *cf., Walton v Lumbermens Mut. Cas. Co.,* 88 NY2d 211). Nevertheless, it is insufficient to show merely that the accident occurred during the period of loading or unloading. Rather, the accident must be the result of some act or omission related to the use of the vehicle (*cf., Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554).

In the case at bar, Vanderveer's alleged acts or omissions involved her prior training of the horse, which allegedly made it prone to jump while on the ramp. There were no allegations that Vanderveer used the van negligently or that the condition of the van in any way contributed to the accident. Under the circumstances, we agree with the Supreme Court that Eagle was not required to defend or indemnify Vanderveer in the underlying action. O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.