■ Progressive Casualty Insurance Company, Respondent, v Dominick Yodice, Doing Business as Mickey's Rides N More, et al., Appellants, Scottsdale Insurance Company, Respondent, et al., Defendants. [714 NYS2d 715] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not required to defend and indemnify the defendants Dominick Yodice, d/b/a Mickey's Rides N More, Henry Lauterbach, and

Laurana Cipolla in an underlying action entitled *Nawrocki v Yodice,* pending in the Supreme Court, Kings County, under Index No. 2816/98, the defendant Dominick Yodice, d/b/a Mickey's Rides N More, appeals, as limited by the briefs relied upon, and the defendants Henry Lauterbach and Laurana Cipolla, and the defendants Theresa Cipolla, Maria Nawrocki, and Julieanne Alfieri, separately appeal, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County, entered June 22, 1999, as, upon a decision of the same court dated April 6, 1999, (1) granted the plaintiff's motion for summary judgment and declared that the plaintiff is not obligated to defend or indemnify the defendants Dominick Yodice, d/b/a Mickey's Rides N More, Henry Lauterbach, and Laurana Cipolla in the underlying action, and (2) granted the cross motion of the defendant Scottsdale Insurance Company for summary judgment and declared that it is not obligated to defend or indemnify the defendant Dominick Yodice, d/b/a Mickey's Rides N More, in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

On March 30, 1997, the defendant Henry Lauterbach drove to a party at a home located in Staten Island in a truck which had a ride known as the "Whip" secured to its rear. The truck and the ride were owned by the defendant Dominick Yodice, d/b/a Mickey's Rides N More (hereinafter Mickey's). At one point, Lauterbach went inside the house and authorized the defendant Laurana Cipolla to operate the Whip ride. Laurana Cipolla allegedly operated the ride in a negligent manner, causing injuries to numerous individuals. Those individuals sued Mickey's to recover damages for their injuries.

The vehicle to which the Whip ride was secured was covered by an automobile insurance policy issued by the plaintiff, Progressive Casualty Insurance Company (hereinafter Progressive). Progressive disclaimed coverage in the underlying action and instituted this action. In addition to its automobile insurance policy, Mickey's had purchased a commercial liability insurance policy from the defendant Scottsdale Insurance Company (hereinafter Scottsdale). Scottsdale also disclaimed coverage, contending that while a policy with the effective date of March 16, 1997, was purchased to insure a ride known as the "Moonwalk", it had not been amended to include the Whip ride until April 23, 1997, after the date of the underlying incident. The Supreme Court granted summary judgment to both Progressive and Scottsdale. We affirm.

With respect to the automobile insurance policy issued by Progressive, the policy contains the standard automobile liability provision which requires the insurer to defend and indemnify the insured for accidents resulting in bodily injury or property damage caused by an occurrence arising out of the use, operation, or maintenance of the insured truck. Although the truck itself need not be the proximate cause of the injury (*see, Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 563), "[n]egligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (*Argentina v Emery World Wide Delivery Corp., supra*, at 562; *see also, Eagle Ins. Co. v Butts*, 269 AD2d 558).

The alleged acts of the defendants Henry Lauterbach and Laurana Cipolla involve the negligent operation of the Whip ride. Although the ride runs on the truck's engine, it is operated by a clutch in the rear of the truck. There were no allegations that the truck itself was used negligently. Under these circumstances, we agree with the Supreme Court that the plaintiff is not obligated to defend or indemnify Mickey's, Henry Lauterbach, and Laurana Cipolla (*see, Eagle Ins. Co. v Butts, supra*; *Morris v Allstate Ins. Co.*, 261 AD2d 457, 458; *Matter of New York Cent. Mut. Fire Ins. Co. [Hayden]*, 209 AD2d 927, 928; *U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.*, 181 AD2d 768, 769; *Lumbermen's Mut. Cas. Co. v Logan*, 88 AD2d 971; *United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.*, 75 AD2d 1022; *cf., Bouchard v Canadian Pac.*, 267 AD2d 899).

With respect to the policy issued by Scottsdale, it is undisputed that a policy was in effect at the time of the underlying incident. However, Scottsdale avers that the policy only covered the Moonwalk ride until it was amended to include the Whip ride on April 23, 1997. The appellants rely on a Certificate of Insurance for a commercial general liability insurance policy listing Mickey's as the insured for the period March 16, 1997, through March 16, 1998, and describing the insured's operations as the Whip ride. Notably, the certificate was prepared by Mickey's broker, and since "an insurance broker is the agent of the insured" (*Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689), the certificate is not binding on Scottsdale (*see, Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.*, 199 AD2d 374; *Meade v Finger Lakes-Seneca Coop. Ins. Co.*, 184 AD2d 952; *Matco Prods. v Boston Old Colony Ins. Co.*, 104 AD2d 793). Further, where the certificate states that it is provided as a matter of information and confers no rights upon the certificate holder, as in the case at bar, the certificate is simply notice to the insured that a policy has been issued

(*see, Kaufman v Puritan Ins. Co.,* 126 AD2d 702; *Taylor v Kinsella,* 742 F2d 709, 711; *McKenzie v New Jersey Tr. Rail Operations,* 772 F Supp 146).

Accordingly, since the documentary evidence clearly indicates that Scottsdale's policy with respect to its coverage of the Whip ride was not effective until April 23, 1997, Scottsdale is not required to defend or indemnify Mickey's in connection with the underlying action. Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.