■ EMPIRE INSURANCE COMPANY, Respondent, v HENRY J. SCHLIESSMAN et al., Respondents, and UTICA MUTUAL INSURANCE COMPANY, Appellant. [763 NYS2d 65] —In an action for a judgment declaring, inter alia, that the defendant Utica Mutual Insurance Company is obligated to defend and indemnify the defendants Henry J. Schliessman and H & S Landscaping, Inc., in an action entitled *Pietraniello v Schliessman,* pending in the Supreme Court, Queens County, under Index No. 2934/98, the defendant Utica Mutual Insurance Company appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (LaTorella, J.), dated May 15, 2002, as granted the motion of the plaintiff Empire Insurance Company for summary judgment, and, in effect, declared that it is obligated to defend and indemnify Henry J. Schliessman and H & S Landscaping, Inc., in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs in the underlying personal injury action, Vincent Pietraniello and Carol Ann Pietraniello, leased an apartment at premises owned by the defendant Henry J. Schliessman. Schliessman is the principal of the defendant H

& S Landscaping, Inc. (hereinafter H & S). The H & S office is located on the adjacent premises, which Schliessman owns. The two parcels share a common yard and driveway on which H & S's truck was parked. Vincent Pietraniello heard his four-year-old son crying and observed him on top of a truck asking for help. Pietraniello was injured when he fell off the truck while trying to assist his son.

Pietraniello and his wife brought a personal injury action against Schliessman and H & S. The plaintiff Empire Insurance Company (hereinafter Empire) insured Schliessman and H & S. Empire commenced this action seeking a declaration, inter alia, that the defendant Utica Mutual Insurance Company (hereinafter Utica) was obligated to defend and indemnify Schliessman and H & S in the underlying action in accordance with a commercial general liability insurance policy it had issued. The Supreme Court granted Empire's motion for summary judgment and, in effect, declared that Utica was obligated to defend and indemnify Schliessman and H & S. We affirm.

Empire's policy contains a standard automobile liability provision which requires the insurer to defend and indemnify its insureds for accidents resulting in bodily injury or property damage caused by an occurrence arising out of the "ownership, maintenance or use" of a covered auto (*see e.g. Elite Ambulette Corp. v All City Ins. Co.*, 293 AD2d 643 [2002]; *U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.*, 181 AD2d 768 [1992]; *United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.*, 75 AD2d 1022 [1980]). "Generally, the determination of whether an accident has resulted from the use or operation of a covered vehicle requires consideration of whether, inter alia, the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produced the injury" (*Eagle Ins. Co. v Butts,* 269 AD2d 558, 558-559 [2000]; *U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co., supra*). "Negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (*Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554, 562 [1999]).

However, " '[n]ot every injury occurring in or near a motor vehicle is covered by the phrase 'use or operation'. The accident must be connected with the use of an automobile *qua* automobile' " (*Olin v Moore,* 178 AD2d 517, 518 [1991], quoting *United Servs. Auto. Assn. v Aetna Cas. & Sur. Co., supra*).

In this case, "[t]here were no allegations that the truck itself was used negligently" (*Progressive Cas. Ins. Co. v Yodice,* 276 AD2d 540, 542 [2000]) or that its condition in any way

contributed to the accident (*see Eagle Ins. Co. v Butts, supra*). Rather, it was merely the location of, and incidental to, the accident. Because the accident was not the result of any act or omission related to the ownership, maintenance, or use of the truck, the Supreme Court properly, in effect, declared that Utica was obligated to defend and indemnify Schliessman and H & S in the underlying action (*see Elite Ambulette v All City Ins. Co., supra* at 644). Altman, J.P., Florio, Adams and Rivera, JJ., concur.