■ JAMES M. INMAN CONSTRUCTION CORP., Appellant, v CATHEDRAL MARBLE AND GRANITE COMPANY, Defendant, and HERMITAGE INSURANCE COMPANY et al., Respondents. [763 NYS2d 479] —In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an action entitled *Wood v James M. Inman Constr. Co.*, commenced in the Supreme Court, Westchester County, under Index No. 8870/97, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 26, 2002, as denied that branch of its motion which was for leave to amend the complaint to add a party plaintiff and granted the separate cross motions of the defendants Hermitage Insurance Company and Professional Risk Managers, Inc., for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that Hermitage Insurance Company and Professional Risk Managers, Inc., are not obligated to defend and indemnify the plaintiff in the underlying action entitled *Wood v James M. Inman Constr. Co.*

The plaintiff James M. Inman Construction Corp. (hereinafter Inman) subcontracted with Cathedral Marble and Granite Company, Inc. (hereinafter Cathedral), to perform construction work at Hudson National Golf Club. Subsequently, an employee of Cathedral was injured during the course of his employment, while installing a slate roof.

The defendant Hermitage Insurance Company (hereinafter Hermitage) issued an insurance policy to Cathedral for the period of June 27, 1996, to June 27, 1997. The defendant Professional Risk Managers, Inc. (hereinafter PRM) was Cathedral's insurance broker.

Inman demanded that Cathedral defend, indemnify, and hold it harmless in the employee's underlying action against it. Hermitage denied coverage on the ground that Inman was not a named additional insured on the policy between Hermitage and Cathedral.

Inman commenced this action seeking a judgment declaring that it was entitled to a defense, and to indemnification from Hermitage and PRM for settlement payments made by Inman's insurance carrier in the underlying action. Hermitage and PRM made out prima facie cases for summary judgment. In opposition, Inman failed to raise a triable issue of fact.

Inman relied on a certificate of insurance which lists it as an additional insured under the Hermitage/Cathedral policy. However, the certificate was prepared by PRM, Cathedral's broker, and since an insurance broker is the agent of insured, the certificate is not binding on Hermitage (*see Progressive Cas. Ins. Co. v Yodice,* 276 AD2d 540 [2000]). Furthermore, pursuant to the terms of the insurance policy, any additional insureds were required to be approved in writing by Hermitage. Inman failed to raise a triable issue of fact that Hermitage provided written consent to name it as an additional insured.

Accordingly, the Supreme Court properly granted summary judgment to Hermitage and PRM (*see Progressive Cas. Ins. Co. v Yodice, supra).*

Inman's remaining contention is academic.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of Hermitage and PRM (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.