■ SOMERS CENTRAL SCHOOL DISTRICT et al., Appellants, v LUMBERMENS MUTUAL CASUALTY COMPANY et al., Defendants, and SECURITY INSURANCE COMPANY OF HARTFORD, Respondent. [774 NYS2d 824]—

In an action, inter alia, for a judgment declaring that the defendant Security Insurance Company of Hartford is obligated to defend and indemnify the plaintiff Somers Central School District in an underlying action entitled *Smith v Somers Central School District,* pending in the Supreme Court, Westchester County, under Index No. 02617/01, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), dated May 6, 2003, as denied that branch of their motion which was for summary judgment on the complaint insofar as asserted against the defendant Security Insurance Company of Hartford and granted that defendant's cross motion for summary judgment, and declared that the defendant Security Insurance Company of Hartford is not obligated to defend and indemnify it in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Pursuant to a contract, the defendant Amboy Bus Co. (hereinafter Amboy) provided bus service to the plaintiff Somers Central School District (hereinafter the District). Amboy's buses were stored at the District's premises, and the contract required Amboy to obtain automobile liability insurance naming the District as an additional insured. Amboy obtained the required insurance from the defendant Security Insurance Company of Hartford (hereinafter Security).

In July 2000 the defendant Kevin Smith, an employee of Amboy who worked at the District's premises, filed a notice of claim with the District alleging that he sustained carbon monoxide poisoning due, inter alia, to the District's failure to properly ventilate a garage/office where he worked. Eventually, Smith and his wife commenced an action against the District in the Supreme Court, Westchester County, seeking damages for his injuries. The District's insurer tendered the defense of the action to Security, but Security refused to defend the District in that action. Therefore, the plaintiff New York Schools Insurance Foundation (hereinafter NYSIF), as attorney-in-fact for the District's insurer, and the District (collectively referred to as the plaintiffs) commenced the instant action, inter alia, for a judgment declaring that Security is obligated to defend and indemnify the District in the underlying action. The plaintiffs moved for summary judgment on their complaint, and Security cross-moved for summary judgment. In the order and judgment appealed from, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against Security, granted Security's cross motion, and declared that Security is not obligated to defend and indemnify the District in the underlying action. We affirm.

"An insurer may be relieved of its duty to defend only if it can establish, as a matter of law, that there is no possible factual or legal basis upon which it might eventually be obligated to indemnify its insured, or by proving that the allegations fall wholly within a policy exclusion" (*City of New York v Insurance Corp. of N.Y.*, 305 AD2d 443, 443-444 [2003]; *see Deetjen v Nationwide Mut. Fire Ins. Co.*, 302 AD2d 350 [2003]). In the context of automobile liability policies, the law is clear that "[a]lthough the [vehicle] itself need not be the proximate cause of the injury . . . '[n]egligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury' " (*Progressive Cas. Ins. Co. v Yodice*, 276 AD2d 540, 542 [2000], quoting *Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 562 [1999]; *see Empire Ins. Co. v Schliessman*, 306 AD2d

512, 513 [2003]; *Elite Ambulette Corp. v All City Ins. Co.,* 293 AD2d 643 [2002]; *Eagle Ins. Co. v Butts,* 269 AD2d 558, 558-559 [2000]). There was no allegation that there was any negligence in the use of Amboy's buses. Therefore, the Supreme Court correctly determined that Security is not obligated to defend and indemnify the District in the underlying action *(see Progressive Cas. Ins. Co. v Yodice, supra; Empire Ins. Co. v Schliessman, supra; Elite Ambulette Corp. v All City Ins. Co., supra; Eagle Ins. Co. v Butts, supra).* Krausman, J.P., Goldstein, Adams and Cozier, JJ., concur.