█ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ORRETT SPENCE, Respondent. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Proposed Additional Appellant, et al., Proposed Additional Respondents. [805 NYS2d 625]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Kings County (Archer, J.H.O.), dated March 8, 2004, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing on the petition and a new determination thereafter; and it is further,

Ordered that the arbitration is temporarily stayed pending the new hearing and determination.

At a hearing conducted on March 8, 2004, before a Judicial Hearing Officer (hereinafter the JHO) to whom the matter was referred, the alleged insurer of the offending vehicle, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), began to elicit testimony from its employee regarding whether the collision giving rise to the underlying claim was intentional or staged and whether it was related to other fraudulent accident claims. Before the direct examination of that witness was concluded, the JHO granted the petition and permanently stayed the arbitration on the ground that State Farm did not timely disclaim coverage under its policy as against its insured, and determined that State Farm was obligated to provide coverage under a policy issued to its insured. This was error.

Timely notice of an intent to disclaim pursuant to Insurance Law § 3420 (d) is unnecessary when a claim does not fall within the coverage terms of an insurance policy (see *Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648-649 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188-189 [2000]; *Matter of Allstate Ins. Co. v Massre,* 14 AD3d 610 [2005]; *Matter of Liberty Mut. Ins. Co. v McDonald,* 6 AD3d 614 [2004]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]). Stated differently, insurers are not precluded by an untimely disclaimer from asserting a lack of coverage where the injuries did not arise from a covered accident (see *Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra*; *Town of Oyster Bay v Employers Ins. of Wausau,* 269 AD2d 387, 389 [2000]). As State Farm was endeavoring to adduce evidence of such fraud which may have established that the occurrence or collision in question was not covered under its policy, the Supreme Court incorrectly terminated the hearing and granted the petition on the basis of untimeliness of disclaimer. Cozier, J.P., Ritter, Spolzino and Lifson, JJ., concur.