■ PETER ZACCARI, Respondent, v PROGRESSIVE NORTHWESTERN INSURANCE Co., Appellant. [827 NYS2d 204]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals (1) from a judgment of the Supreme Court, Kings County (Jones, J.) entered January 20, 2006, which, upon an order of the same court dated December 28, 2005 denying the defendant's motion for summary judgment dismissing the complaint and granting the plaintiff's cross motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $404,507.50, and (2), as limited by its brief, from so much of an order of the same court dated May 1, 2006 as denied that branch of its motion which was, in effect, for leave to renew.

Ordered that the judgment is reversed, on the law, the defendant's motion is granted, the plaintiff's cross motion is denied, the complaint is dismissed, and the order dated December 28, 2005 is modified accordingly; and it is further,

Ordered that the appeal from the order dated May 1, 2006 is dismissed as academic in light of our determination on the appeal from the judgment entered January 20, 2006; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On September 20, 2001 the plaintiff, Peter Zaccari was traveling southbound on Interstate 87 when he observed a speeding automobile lose control, leave the highway, and crash. After the automobile crashed, he saw it burst into flames. He ran to the scene and pulled the driver from the burning car. Allegedly as a result of the rescue, the plaintiff injured his back. Approximately one year and two months later, the plaintiff commenced an action to recover for his personal injuries against the owner and driver of the crashed vehicle. A copy of the summons and complaint was forwarded by the owner of the vehicle to her automobile insurance carrier, the defendant Progressive Northwestern Insurance Co. (hereinafter Progressive). Progressive disclaimed coverage 49 days later on the basis that the plaintiff's injuries did not arise out of the use of the motor vehicle and because it did not receive timely notice of the claim. No answer was interposed in the underlying personal injury action. Thereafter, a default judgment was awarded to the plaintiff. Following an inquest on the issue of damages, a judgment in the principal amount of $350,000 was entered against the owner and driver of the subject automobile and in favor of the plaintiff.

A copy of the judgment was served on Progressive. Pursuant to Insurance Law § 3420 (a) (2), after 30 days elapsed and the judgment had not been satisfied by Progressive, this action was commenced, seeking to collect the unsatisfied judgment from Progressive. Progressive moved for summary judgment dismissing the complaint, contending that both grounds for its disclaimer of coverage were valid. The plaintiff cross-moved for summary judgment, asserting that since his injuries arose out of the negligent use of Progressive's insured's automobile, there was coverage and, in any event, Progressive's disclaimer was invalid as it was not timely made. The Supreme Court denied Progressive's summary judgment motion and granted the cross motion solely on the basis that a 49-day delay in providing a notice of disclaimer was untimely as a matter of law. Subsequently, a judgment in the principal sum of $404,507.50 was entered against Progressive. Progressive then moved to modify and limit

the judgment to $100,000, which was the applicable limit of the insurance policy. Treating Progressive's application, inter alia, as a motion, in effect, for leave to renew, the Supreme Court denied the motion since Progressive failed to explain why it had never produced a copy of its policy or even argued that the judgment sought exceeded its policy limits in the previous summary judgment motion and cross motion.

On its motion for summary judgment, Progressive met its initial burden of establishing that the subject insurance policy's coverage was limited to accidents arising out of the use or operation of the motor vehicle. Contrary to the determination of the Supreme Court, the fact that Progressive may have delayed 49 days in denying coverage on this basis is immaterial as "[t]imely notice of intent to disclaim pursuant to Insurance Law § 3420 (d) is unnecessary when a claim does not fall within the coverage terms of an insurance policy" (*Matter of Government Empls. Ins. Co. v Spence*, 23 AD3d 466, 467 [2005]; *see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]). Accordingly, the Supreme Court should have decided whether the plaintiff's injuries arose from the use or operation of the insured automobile.

In the context of automobile liability insurance coverage, "whether an accident has resulted from the use or operation of a covered automobile requires consideration of a three-part test: '1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury' " (*U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.*, 181 AD2d 768, 768-769 [1992], quoting 6B Appleman, Insurance Law and Practice § 4317, at 367-369; *see also Goetz v General Acc. Fire & Life Assur. Corp.*, 47 Misc 2d 67, 69 [1965], *affd* 26 AD2d 635 [1966], *affd* 19 NY2d 762 [1967]). " 'Although the [vehicle] itself need not be the proximate cause of the injury . . . [n]egligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury' " (*Somers Cent. School Dist. v Lumbermens Mut. Cas. Co.*, 6 AD3d 606, 607 [2004], quoting *Progressive Cas. Ins. Co. v Yodice*, 276 AD2d 540 [2000] [internal quotation marks omitted]; *see Empire Ins. Co. v Schliessman*, 306 AD2d 512, 513 [2003]; *Eagle Ins. Co. v Butts*, 269 AD2d 558, 559 [2000]). To be a cause of the injury, the use of the motor vehicle must be "closely related" to the injury (*Elite Ambulette Corp. v All City Ins. Co.*, 293 AD2d 643, 644 [2002]).

Also, the injury must result from the intrinsic nature of the motor vehicle as such and the use of the automobile must do more than merely contribute to the condition which produced it (*see Republic Long Is., Inc. v Andrew J. Vanacore, Inc.,* 29 AD3d 665, 666 [2006]; *see also Ely v Pierce,* 302 AD2d 489 [2003]).

Here, Progressive also met its initial burden of showing that the plaintiff's injuries were not covered under the use and operation clause of its policy. The automobile was stationary for some undetermined period of time before the plaintiff arrived on the crash scene. It was not the vehicle itself which caused the plaintiff to injure his back, but, in the plaintiff's words, it was the act of "rescuing" the driver. At best, any negligent use of the automobile only contributed to the condition which ultimately resulted in the plaintiff's back injury. Use of the vehicle was not a substantial factor in bringing about the injury (*see* PJI 2:70 [2006 Supp]).

In opposition the plaintiff failed to raise a triable issue of fact. No proof was offered, nor did the plaintiff even contend, that Progressive's policy was not limited to accidents arising out of the use or operation of the vehicle. Additionally, his four-paragraph affidavit failed to set forth exactly what caused his injury, other than the "rescue," or when during the rescue the injury actually occurred. Consequently, Progressive's motion for summary judgment should have been granted, the cross motion denied, and the complaint dismissed.

The parties' remaining contentions either have been rendered academic or need not be reached in light of our determination. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.