■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v DEBORAH REYES, Respondent. [970 NYS2d 560]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 10, 2012, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

On October 16, 2011, Deborah Reyes was walking in front of a Sunoco Mart, located in Poughkeepsie, while carrying two bags. As she passed in front of a vehicle parked just outside the Sunoco Mart, in an area marked "No Parking," a rottweiler dog extended its head from inside the vehicle and bit her right breast. Reyes commenced an action against the vehicle's owner, Michael Kazimer, which GEICO, the insurer of Kazimer's vehicle, later settled for $25,000, the limits of the policy. Reyes then sought to recover under the supplementary uninsured/underinsured motorists endorsement contained in her car insurance policy with the petitioner, Allstate Insurance Company (hereinafter Allstate). Allstate denied coverage, concluding that the incident did not arise "out of the ownership, maintenance, or use of an underinsured vehicle." Reyes sought to arbitrate the matter, and Allstate thereafter commenced this proceeding to permanently stay arbitration. The Supreme Court denied the petition, concluding that the incident arose "out of the ownership, maintenance, or use of an underinsured vehicle."

A court may stay arbitration where "the particular claim sought to be arbitrated is outside [the] scope" of the agreement to arbitrate (*see Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7 [1980]). Underinsured endorsements, such as the one at issue in this case, provide coverage only when the injuries are the result of an accident "arising out of such [underinsured's] motor vehicle's ownership, maintenance or use" (11 NYCRR 60-2.3 [f] [Insuring Agreements (II)]; *see Mat-*

*ter of Liberty Mut. Fire Ins. Co. [Malatino],* 75 AD3d 967, 968 [2010]). Use of an automobile encompasses more than simply driving it, and includes all necessary incidental activities such as entering and leaving its confines (*see Rowell v Utica Mut. Ins. Co.,* 77 NY2d 636, 638 [1991]). To satisfy the requirement that it arose out of the "ownership, maintenance or use of" a motor vehicle, the accident must have arisen out of the inherent nature of the automobile and, as such, inter alia, the automobile must not merely contribute to the condition which produces the injury, but must, itself, produce the injury (*see Zaccari v Progressive Northwestern Ins. Co.,* 35 AD3d 597, 599 [2006]; *Eagle Ins. Co. v Butts,* 269 AD2d 558, 558-559 [2000]; *US Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co.,* 181 AD2d 768 [1992]). "[T]he [vehicle] itself need not be the proximate cause of the injury," but "negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury" (*Zaccari v Progressive Northwestern Ins. Co.,* 35 AD3d at 599 [internal quotation marks omitted]; *see Empire Ins. Co. v Schliessman,* 306 AD2d 512, 513 [2003]). "To be a cause of the injury, the use of the motor vehicle must be closely related to the injury" (*Zaccari v Progressive Northwestern Ins. Co.,* 35 AD3d at 599 [internal quotation marks and emphasis omitted]).

Here, as a matter of law, Reyes's injuries did not result from the inherent nature of Kazimer's vehicle, nor did the vehicle itself produce the injuries. The injuries were caused by Kazimer's dog, and the vehicle merely contributed to the condition which produced the injury, namely, the location or situs for the injury. Allstate established that a causal relationship between the car and the incident was lacking, and Reyes failed to rebut that showing (*see Empire Ins. Co. v Schliessman,* 306 AD2d at 513; *Eagle Ins. Co. v Butts,* 269 AD2d at 559; *see also Keppler v American Family Mut. Ins. Co.,* 588 NW2d 105 [1999]; *Sanchez v State Farm Mut. Auto. Ins. Co.,* 878 P2d 31 [1994]; *Alvarino v Allstate Ins. Co.,* 370 Pa Super 563, 537 A2d 18 [1988]; *American States Ins. Co. v Allstate Ins. Co.,* 484 So 2d 1363 [1986]). Accordingly, since coverage is lacking, the Supreme Court should have granted the petition to permanently stay arbitration. Chambers, J.P., Austin, Roman and Cohen, JJ., concur. **[Prior Case History: 38 Misc 3d 478.]**