█  In the Matter of Encompass Indemnity Company, Respondent, v Kevin Rich, Appellant. [14 NYS3d 491]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, Kevin Rich appeals from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered February 20, 2013, which, upon an order of the same court entered January 25, 2013, granting that branch of the petition which was to permanently stay arbitration, permanently stayed arbitration.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the order is modified accordingly.

On January 11, 2010, Kenneth Goodman was driving his vehicle on Francis Lewis Boulevard in Queens and speeding when he lost control of his vehicle and crashed it into a utility pole. When firefighter Kevin Rich's engine company responded to the scene of the accident, Goodman was trapped inside his vehicle, bleeding, drifting in and out of consciousness, and, when awake, moaning in pain. In order to extract Goodman from the vehicle, the firefighters used the "jaws of life" to cut the veh-

icle's roof, and Rich and three other firefighters lifted the roof off of the vehicle. In the process thereof, Rich sustained injuries to his right shoulder.

Rich commenced an action against Goodman, whose insurer later offered to settle in the sum of $25,000, which constituted the limits of Goodman's automobile insurance policy. Rich also sought coverage under the supplementary uninsured/underinsured motorists (hereinafter SUM) endorsement contained in his own automobile insurance policy issued by the petitioner, Encompass Indemnity Company (hereinafter Encompass). Encompass denied coverage, concluding that Goodman's use of his vehicle was not the proximate cause of Rich's injuries. Rich sought to arbitrate the matter, and Encompass thereafter commenced this proceeding to permanently stay arbitration or, alternatively, to temporarily stay arbitration and to direct Rich to provide requested discovery. The Supreme Court granted that branch of the petition which was to permanently stay arbitration, concluding that Rich's injuries did not result from the use of Goodman's vehicle.

SUM endorsements provide coverage only when the injuries are "caused by an accident arising out of such underinsured motor vehicle's ownership, maintenance or use" (11 NYCRR 60-2.3 [f] [II]; *see Matter of Allstate Ins. Co. v Reyes*, 109 AD3d 468, 468 [2013]; *Matter of Liberty Mut. Fire Ins. Co. [Malatino]*, 75 AD3d 967, 968 [2010]). Factors to be considered in determining whether an accident arose out of the use of a motor vehicle include whether the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produces the injury rather than merely contributes to cause the condition which produces the injury (*see Matter of Allstate Ins. Co. v Reyes*, 109 AD3d at 469; *Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597, 599 [2006]; *Eagle Ins. Co. v Butts*, 269 AD2d 558, 558-559 [2000]). " '[T]he [vehicle] itself need not be the proximate cause of the injury,' but 'negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury' " (*Matter of Allstate Ins. Co. v Reyes*, 109 AD3d at 469, quoting *Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d at 599). " 'To be a cause of the injury, the use of the motor vehicle must be closely related to the injury' " (*Matter of Allstate Ins. Co. v Reyes*, 109 AD3d at 469, quoting *Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d at 599). "[T]he use of the underinsured vehicle must be a proximate cause of the injuries for which coverage is sought" (*Matter of Liberty Mut. Fire Ins. Co. [Malatino]*, 75 AD3d at 968; *see Kesick v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d 1219, 1220 [2013]; *Matter of*

*Farm Family Cas. Ins. Co. [Trapani]*, 301 AD2d 740, 741 [2003]; *Eagle Ins. Co. v Butts*, 269 AD2d at 559; *see also Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d at 600).

Rich invoked the doctrine of "danger invites rescue" to establish that Goodman's negligent use of the underinsured vehicle proximately caused his injuries. That doctrine imposes liability upon a party who, "by his [or her] culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his [or her] aid" (*Provenzo v Sam*, 23 NY2d 256, 260 [1968]; *see Wagner v International Ry. Co.*, 232 NY 176, 180 [1921]; *Flederbach v Lennett*, 65 AD3d 1011, 1012 [2009]). The doctrine also applies "where the culpable party has placed himself [or herself] in a perilous position which invites rescue" (*Provenzo v Sam*, 23 NY2d at 260 [emphasis omitted]; *see Finnocchiaro v Napolitano*, 52 AD3d 463, 465 [2008]). "In order for the doctrine to apply, the rescuer must have had a reasonable belief that the person being rescued was in peril" (*Kesick v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d at 1221; *see Provenzo v Sam*, 23 NY2d at 260-261; *Tassone v Johannemann*, 232 AD2d 627, 628 [1996]).

Here, Encompass failed to establish that Rich was not entitled to coverage under the SUM endorsement. The evidence in the record establishes that Goodman's negligent use of his vehicle directly caused the accident that led to him being trapped and in obvious need of medical attention, which, in turn, led to Rich's intervention and resulting injuries (*see Kesick v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d at 1221-1222). It cannot be said, as a matter of law, that Goodman's negligent use of his vehicle was not a proximate cause of Rich's injuries under the doctrine of danger invites rescue. Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration.

This Court's decision and order in *Zaccari v Progressive Northwestern Ins. Co.* (35 AD3d at 597), does not warrant a contrary result. In *Zaccari*, the plaintiff's proof that he sustained an injury during the rescue was insufficient to establish a causal connection between the driver's negligent use of the vehicle and the plaintiff's consequent intervention. In fact, this Court stated in *Zaccari* that the plaintiff's "four-paragraph affidavit failed to set forth exactly what caused his injury, other than the 'rescue,' or when during the rescue the injury actually occurred" (*id.* at 600). In contrast, in the instant case, the proof proffered by Rich, which included, inter alia, Rich's affidavit, described, in detail, the scene of Goodman's accident, Good-

man's physical condition following the accident, Rich's actions at the accident scene, and the exact cause of Rich's injury.

Furthermore, Encompass was not entitled to a temporary stay of arbitration and an order directing Rich to provide pre-arbitration discovery. Encompass had ample time to seek discovery before commencing this proceeding and unjustifiably failed to do so (see Matter of Progressive N. Ins. Co. v Foss, 96 AD3d 855 [2012]; Matter of State-Wide Ins. Co. v Womble, 25 AD3d 713, 714 [2006]; Matter of Allstate Ins. Co. v Urena, 208 AD2d 623 [1994]).

Rich's contention that the indirect causation standard in General Municipal Law § 205-a applies in determining his entitlement to SUM coverage is without merit. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.