Matter of Progressive Dr. Ins. v Malone (2024 NY Slip Op 03178)

Matter of Progressive Dr. Ins. v Malone

2024 NY Slip Op 03178

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-04717
 (Index No. 6951/20)

[*1]In the Matter of Progressive Drive Insurance, appellant,
v
Amanda Malone, et al., respondents-respondents, et al., respondents.

Bryan R. Kaplan, Rock Hill, NY, for appellant.
Sobo & Sobo LLP, Middletown, NY (Mark P. Cambareri of counsel), for respondent-respondent Amanda Malone.
Law Office of Marc D. Orloff, P.C. (Steven A. Kimmel, Washingtonville, NY, of counsel), for respondents-respondents Patricia House, Danielle Storms, and Mark Storms.

DECISION & ORDER
In a proceeding for a judgment declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in an underlying action entitled Malone v House, pending in the Supreme Court, Orange County, under Index No. 2342/16, Progressive Drive Insurance appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated May 21, 2021. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that on the Court's own motion, the proceeding is converted to an action for a judgment declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in an underlying action entitled Malone v House, pending in the Supreme Court, Orange County, under Index No. 2342/16, the order to show cause is deemed to be the summons, the petition is deemed to be the complaint and a motion for summary judgment declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in the underlying action, and the opposition papers of Patricia House, Danielle Storms, and Mark Storms, and the separate opposition papers of Amanda Malone are deemed to be answers and separate cross-motions for summary judgment declaring that Progressive Drive Insurance is obligated to defend and indemnify Arthur Caperna, Jr., in the underlying action (see CPLR 103[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the cross-motion of Patricia House, Danielle Storms, and Mark Storms, and that branch of the separate cross-motion of Amanda Malone which were for summary judgment declaring that Progressive Drive Insurance is obligated to indemnify Arthur Caperna, Jr., in the underlying action, and substituting therefor a provision denying those branches of the cross-motions; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that Progressive Drive Insurance is obligated to defend Arthur Caperna, Jr., in the underlying action.
Amanda Malone was injured, while carrying her daughter, immediately after removing her daughter from the inside of a vehicle operated by Anthony Caperna. Malone picked up her daughter, turned without closing the vehicle door, walked two steps toward the door of a residence owned by Mark Storms, Danielle Storms, and Patricia House (hereinafter collectively the Storms respondents), and fell on a patch of snow and ice on the front lawn. Malone commenced a personal injury action (hereinafter the underlying action), alleging, inter alia, that the Storms respondents were negligent in causing or permitting slippery conditions to exist on the premises, and that Anthony and his father, Arthur Caperna, Jr. (hereinafter together the Capernas), the insured owner of the vehicle, were negligent in failing to properly position the vehicle for passengers disembarking by parking on a slippery and dangerous area. The vehicle was insured by Progressive Drive Insurance (hereinafter Progressive). The Capernas moved for summary judgment dismissing the complaint in the underlying action insofar as asserted against them. In an order dated April 24, 2020, the Supreme Court, among other things, denied the Capernas' motion. In that order, the court noted that the "Capernas did owe a duty to provide those leaving the vehicle with a safe place to alight."
Thereafter, Progressive commenced this proceeding for a judgment declaring that it is not obligated to defend or indemnify Arthur in the underlying action on the ground that the accident was not a motor vehicle accident that involved the use, operation, or maintenance of a covered vehicle. In an order dated May 21, 2021, the Supreme Court, in effect, denied the petition and dismissed the proceeding. Progressive appeals.
We note that although Progressive commenced this matter as a special proceeding, the relief it sought is cognizable only in an action (see CPLR 103[b]; Matter of Quinn v Cuomo, 183 AD3d 928, 930). Accordingly, we exercise our authority pursuant to CPLR 103(c) to convert the proceeding to an action for a declaratory judgment, and we deem the order to show cause to be the summons, the petition to be the complaint and a motion for summary judgment declaring that Progressive is not obligated to defend or indemnify Arthur in the underlying action, and the separate opposition papers of the Storms respondents and Malone to be answers and separate cross-motions for summary judgment declaring that Progressive is obligated to defend and indemnify Arthur in the underlying action (see Matter of Quinn v Cuomo, 183 AD3d at 930; Matter of State Bank of Long Is. v Munson, 95 AD3d 1133).
A liability insurer's "'duty to pay is determined by the actual basis for the insured's liability to a third person'" (Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d 635, 636, quoting Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 178 [internal quotation marks omitted]). "'The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy'" (Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d at 636, quoting Belsito v State Farm Mut. Ins. Co., 27 AD3d 502, 502). "'Generally, the determination of whether an accident has resulted from the use or operation of a covered vehicle requires consideration of whether, inter alia, the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produced the injury'" (Empire Ins. Co. v Schliessman, 306 AD2d 512, 513, quoting Eagle Ins. Co. v Butts, 269 AD2d 558, 558-559). "'Negligence in the use of the vehicle must be shown, and that negligence must be a cause of the injury'" (Empire Ins. Co. v Schliessman, 306 AD2d at 513, quoting Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 562). However, "'[n]ot every injury occurring in or near a motor vehicle is covered by the phrase "use or operation." The accident must be connected with the use of an automobile qua automobile'" (Olin v Moore, 178 AD2d 517, 518, quoting United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.,75 AD2d 1022, 1022). "Use of an automobile encompasses more than simply driving it, and includes all necessary incidental activities such as entering and leaving its confines" (Matter of Allstate Ins. Co. v Reyes, 109 AD3d 468, 469). While a claim that an accident occurred during unloading "does not require a showing that the vehicle itself produced the injury . . . , it is insufficient to show merely that the accident occurred during the period of loading or unloading. Rather, the accident must be the result of some act or omission related to the use of the vehicle" (Eagle Ins. Co. v Butts, 269 AD2d at 559 [citations omitted]).
Here, Malone specifically alleged in the underlying action that Anthony parked his [*2]vehicle in a negligent manner on a slippery surface and that such negligence was a proximate cause of her accident. Progressive submitted an affidavit from Malone, sworn to on December 16, 2019, in which she stated, "I slipped on the snowy and icy condition as I was taking my first steps toward the house. I dropped my child and my legs slid, along the gradient, underneath the CAPERNA Vehicle." Progressive further submitted Malone's deposition testimony in the underlying action, which demonstrated that the door of the vehicle was open and that she had only taken two steps away from the vehicle when she slipped and fell on snow and ice located on the lawn. As such, Progressive failed to establish its prima facie entitlement to judgment as a matter of law declaring that the accident was not a covered event, as there is a triable issue of fact as to whether Malone had completed unloading the vehicle. As there are allegations that the vehicle was used negligently and that such negligence contributed to the accident, Progressive was not entitled to summary judgment declaring that it is not obligated to defend or indemnify Arthur in the underlying action (see Empire Ins. Co. v Schliessman, 306 AD2d at 513; Progressive Cas. Ins. Co. v Yodice, 276 AD2d 540, 542).
"An insurance carrier's duty to defend 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy'" (1416 Coney Is. Realty, LLC v Wesco Ins. Co., 217 AD3d 807, 808, quoting Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.,16 NY3d 257, 264). As such, the Storm respondents and Malone made a prima facie showing that Progressive is obligated to defend Arthur in the underlying action, and Progressive failed to raise a triable fact in opposition.
On their cross-motions, the Storm respondents and Malone failed to eliminate all triable issues of fact as to whether the accident arose from the use and operation of the covered vehicle, including whether Malone was injured while she was still exiting the vehicle (see Progressive Direct Ins. Co. v Riviccio, 190 AD3d 866; see also Matter of American Protection Ins. Co. v DeFalco, 61 AD3d 970, 972). Moreover, the duty to indemnify depends upon the extent to which the Capernas' negligence contributed to Malone's injuries, an issue which has not yet been determined (see Cordial Greens Country Club v Aetna Cas. & Sur. Co., 41 NY2d 996, 997; 1416 Coney Is. Realty, LLC v Wesco Ins. Co., 217 AD3d at 808). Contrary to the contention of our dissenting colleague, the affidavit submitted by Malone in opposition to the Capernas' motion for summary judgment in the underlying action specifically alleged the failure of Anthony to provide Malone with a safe place to alight by failing to park the vehicle in the makeshift driveway on the premises and, instead, by parking the vehicle with the passenger side adjacent to the snow-covered yard, and further alleged that Anthony turned the vehicle and its headlights off, causing the accident site to be dark. Accordingly, the Storm respondents and Malone failed to establish their prima facie entitlement to judgment as a matter of law declaring that Progressive is obligated to indemnify Arthur in the underlying action.
Since this is now a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that Progressive is obligated to defend Arthur in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., VOUTSINAS and LOVE, JJ., concur.
FORD, J., concurs in part and dissents in part, and votes to convert the proceeding to an action for a judgment declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in an underlying action entitled Malone v House, pending in the Supreme Court, Orange County, under Index No. 2342/16, deem the order to show cause to be the summons, deem the petition to be the complaint and a motion for summary judgment declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in the underlying action, deem the opposition papers of Patricia House, Danielle Storms, and Mark Storms, and the separate opposition papers of Amanda Malone to be answers and separate cross-motions for summary judgment declaring that Progressive Drive Insurance is obligated to defend and indemnify Arthur Caperna, Jr., in the underlying action, reverse the order, on the law, grant the motion of Progressive Drive Insurance for summary judgment declaring that it is not obligated to defend or [*3]indemnify Arthur Caperna, Jr., in the underlying action, deny the cross-motion of Patricia House, Danielle Storms, and Mark Storms, and the separate cross-motion of Amanda Malone for summary judgment declaring that Progressive Drive Insurance is obligated to defend and indemnify Arthur Caperna, Jr., in the underlying action, and remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that Progressive Drive Insurance is not obligated to defend or indemnify Arthur Caperna, Jr., in the underlying action, with the following memorandum:
In my view, the record here does not support a finding that Progressive Drive Insurance (hereinafter Progressive) has an obligation to either defend or indemnify Arthur Caperna, Jr., in an underlying action. Therefore, I respectfully concur in part and dissent in part.
On March 1, 2015, Anthony Caperna drove a vehicle, which was owned by his father, Arthur, and insured by Progressive, to the home of Amanda Malone to drop off their shared children. Malone realized that Anthony had arrived when their oldest daughter entered the home on her own accord and directed Malone to go to the vehicle to retrieve the youngest daughter. The oldest daugher did not indicate that she had any difficulty getting from the vehicle to the home. Malone then left the home through the front door, stepped off a landing, and walked forward approximately 20 feet across the lawn. There were two to three inches of snow on the lawn, but Malone did not notice any ice. The vehicle was parked on the street, but a portion of the passenger side tires extended onto the lawn. Malone reached the vehicle without issue and sat in the front passenger side seat, speaking with Anthony about the children for approximately 10 minutes. After the conversation ended, Malone got out of the front seat, walked to the back seat, picked up her sleeping daughter, and backed away from the vehicle. While carrying the child, Malone turned to her left, took two steps, and then fell on the lawn. When she fell, Malone landed on her stomach and slid backwards. Malone subsequently commenced a personal injury action (hereinafter the underlying action), alleging, inter alia, that Anthony and Arthur (hereinafter together the Capernas) negligently failed to provide her with a safe place to alight. The Capernas moved for summary judgment dismissing the complaint insofar as asserted against them, and the motion was denied.
In the context of the underlying action, Malone testified at her deposition that, although it was "hard" for her to get into the vehicle, there was nowhere else that Anthony could have parked that would have allowed her access to the vehicle without forcing her to walk across the snow on the lawn.
Progressive commenced this proceeding for a judgment declaring that it is not obligated to defend or indemnify its insured, Arthur, in the underlying action on the ground that the accident did not arise out of the use, operation, or maintenance of a motor vehicle. The Supreme Court, in effect, denied the petition and dismissed the proceeding.
As an initial matter, I agree with my colleagues in the majority that this proceeding should be converted to an action and, inter alia, that the petition should be deemed the complaint and a motion for summary judgment declaring that Progressive is not obligated to defend or indemnify Arthur in the underlying action.
Contrary to the contentions of Malone, Patricia House, Danielle Storms, and Mark Storms (hereinafter collectively the respondents), this converted action for declaratory relief was not barred by the law of the case doctrine or by collateral estoppel. "Pursuant to the doctrine of [the] law of the case, judicial determinations made during the course of . . . litigation before final judgment is entered may have preclusive effect provided that the parties had a full and fair opportunity to litigate the initial determination" (Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841 [internal quotation marks omitted]). Similarly, "[t]he doctrine of collateral estoppel 'bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination'" (Simmons v Jones Law Group, LLC, 214 AD3d 835, 837, quoting Weiss v Manfredi, 83 NY2d 974, 976). "[T]he application of collateral estoppel requires a showing that the particular issue was actually litigated, squarely addressed, and specifically decided in a prior proceeding" (M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1095). Progressive was not precluded from [*4]seeking the instant declaratory relief, as the issue of whether it has a duty to defend or indemnify Arthur in the underlying action was not squarely addressed or specifically decided in the order denying the Capernas' motion for summary judgment dismissing the complaint in the underlying action insofar as asserted against them (see Progressive Direct Ins. Co. v Riviccio, 190 AD3d 866).
"[W]hether an accident has resulted from the use or operation of a covered automobile requires consideration of a three-part test: 1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the actual use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury" (Zaccari v Progressive Northwestern Ins. Co., 35 AD3d 597, 599 [internal quotation marks omitted]; see U.S. Oil Ref. & Mktg. Corp. v Aetna Cas. & Sur. Co., 181 AD2d 768, 768-769). While a claim that an accident occurred during unloading "does not require a showing that the vehicle itself produced the injury. . . , it is insufficient to show merely that the accident occurred during the period of loading or unloading. Rather, the accident must be the result of some act or omission related to the use of the vehicle" (Eagle Ins. Co. v Butts, 269 AD2d 558, 559 [emphasis added and citations omitted]).
"The operator of a private passenger vehicle owes to [their] passengers a duty of reasonable care when providing a safe place to alight" (Liebman v Heiss, 256 AD2d 449, 449). Whether the operator breaches that duty depends on whether they could have observed the dangerous condition from their vantage point (see Delisser v New York City Tr. Auth., 211 AD3d 907, 909).
Here, Progressive was entitled to summary judgment declaring that it is not obligated to defend or indemnify Arthur in the underlying action. Contrary to the determination of my colleagues in the majority, I find that Progressive established, prima facie, that Malone's accident did not result from the use or operation of the covered vehicle (see Zaccari v Progressive Northwestern Ins. Co., 35 AD3d 597; Elite Ambulette Corp. v All City Ins. Co., 293 AD2d 643). The Supreme Court, in the underlying action, properly determined that the Capernas owed a duty to Malone to provide her with a safe place to alight. However, as to the Capernas' alleged breach of that duty, the court merely noted that they failed to submit any evidence regarding a lack of notice of the allegedly unsafe condition, which precluded a finding of summary judgment in their favor. In this converted action, Progressive submitted Malone's deposition testimony in the underlying action, in which she admitted that she and her oldest daughter had both walked between the vehicle and the home safely, that Malone did not notice any ice on the grass between the home and the vehicle, and that there was nowhere else that Anthony could have parked when dropping off their children. Therefore, Progressive established, prima facie, that the Capernas did not breach their duty to provide Malone with a safe place to alight, and thus, that Malone's accident was not the result of some act or omission related to the use of the vehicle (see Liebman v Heiss, 256 AD2d at 449). In opposition, the respondents failed to raise a triable issue of fact as to whether Anthony failed to notice, or should have noticed, the alleged icy condition of the lawn near where Malone exited the vehicle (see id.).
Accordingly, I would remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that Progressive is not obligated to defend or indemnify Arthur in the underlying action.
ENTER:
Darrell M. Joseph
Clerk of the Court